The only question in the case is whether the trial judge erred in refusing to submit to the jury the question whether the sale of the wine to the plaintiff was fraudulent as against creditors.
With the exception of the fact that the plaintiff purchased the wine at a little less than one-half its actual value, as found by the jury, there is no substantial evidence tending to impeach his title, and it is well settled that mere inadequacy of price is not sufficient. The plaintiff was engaged in the business; he paid in cash the agreed price and took immediate possession of the property. There is no evidence that he had any knowledge of the pecuniary circumstances of Lingenfelder, or that the latter owed any other than the debt which the plaintiff paid as a part consideration for the wine. Nor is the vendor's fraudulent intent sufficient. The vendee must be also implicated, and I can find no fact proved in the case, aside from inadequacy of price, which tends to impeach his good faith. It is urged that he prevaricated in his testimony. This cannot be affirmed as to the substantial facts, the purchase, payment of the consideration and taking possession, and the discrepancies as to minor details are not important. It is said that Eistel, the broker, who negotiated the sale, was a *Page 276 
suspicious character, because the evidence tends to show that his real name was Isaacs; but what influence this should have upon the purchase I am unable to see. It is also said that Eistel acted in the transaction both for vendor and vendee, and that each is chargeable with his knowledge. If this were so, there is not the slightest evidence that Eistel knew any facts which would impeach the sale; but the evidence is that the plaintiff made the bargain for himself. Eistel solicited the plaintiff to buy, and if he was an agent at all, it was for the vendor; and the assistance he rendered the plaintiff in procuring a cellar in which to store the wine does not change it. To invalidate a sale, tangible facts must be proved, from which a legitimate inference of a fraudulent intent can be drawn. It is not enough to create a suspicion of wrong, nor should a jury be permitted to guess at the truth. If the transaction was different from what the plaintiff proved, it was incumbent on defendant to show it. Giving every circumstance urged by defendant's counsel its utmost significance, the most that can be said is, that there was slight evidence justifying a suspicion that the plaintiff was not abona fide purchaser, but this would not justify this court in reversing the judgment. The value of the wine may have been exaggerated at the trial, but the defendant offered no evidence upon the subject, and he must, therefore, take the consequences of the plaintiff's estimate. He may have supposed that if the value was reduced, the force of the circumstance of the inadequacy of price would be lessened, and, with that out of the case, he would have no foothold. The wine was sold by the sheriff at public auction at a less price than the plaintiff paid, and there is more reason to doubt whether the price paid was in fact inadequate than that it was purchased in bad faith; but the jury have settled that question, and the defendant cannot now complain.
The deduction made at the General Term was for the benefit of the defendant, and was based upon the idea that the jury had made a mistake in estimating the whole value at *Page 277 
two dollars a gallon, the price proved. The cases cited are not analogous.
The judgment must be affirmed.
ALLEN, GROVER and FOLGER, JJ., concur.
PECKHAM, ANDREWS and RAPALLO, JJ., dissent.
Judgment affirmed.