JONAS G. DUDLEY, RESPONDENT, *v.* JOHN GOULD, IMPLEADED, ETC., APPELLANT.

*Stock assigned in blank and pledged to secure loan — sale of, by pledgee — not invalid by reason of appointment of receiver of property of owner.*

Where a person, in open market, purchases stock, the scrip of which was assigned in blank by the owner and sold under instructions by parties to whom it had been pledged, and so purchases at a price which, under a forced sale, is not unusual though less than the intrinsic value of the article, and there does not exist any collusion, *held*, that the fact that the owner of the stock, who was unknown to the purchaser, was a judgment debtor over whose property, at the time of the sale, a receiver had been appointed, did not invalidate the sale.

APPEAL from an order made at Special Term, continuing an injunction restraining the defendant John Gould, his servants, etc., from parting with or selling, until the final determination of this action, six shares of the capital stock of the Mutual Benefit Ice Company. Judgment in favor of Dudley against one Shear, was recovered February 10, 1875, and a receiver was appointed thereunder, April 22, 1875. The stock was sold June 30, 1875, by direction of B. C. Lewis & Son, who had received a blank assignment thereof from Shear, as collateral security for a loan to the defendant Gould.

*Thomas M. North*, for the appellant.

*James S. Stearns*, for the respondent.

BRADY, J. :

The defendant Shear, who was a judgment debtor, and of whose property a receiver had been appointed at the instance of the plaintiff, owned certain shares of stock which were supposed, at the time of the appointment of a receiver, to be still his property. The defendant Gould, after the appointment of the receiver, purchased them in open market, and in the usual course of the business of buying and selling stock. It is charged by the plaintiff that the sale and purchase were designed in fraud, and that the defendant Gould is not, therefore, a *bona fide* holder for value. The only evidence upon which this charge rests is the assumed inadequacy of price. He insists that the price paid was fifty per cent less than the value of the stock, and sustains this position by affidavits. It is questioned, nevertheless, by affidavits on the part of the defendant Gould, which sustain the averment that, on a sale, at once, of the stock, pursuant to orders to that effect, fifty per cent was the best price that could be obtained. The stock, it also appears, was not dealt in at the board of brokers, and had no market-value ; and, according to the views of the defendant Gould, upheld by affidavits, its salable value depended on whether it must be sold at once, or could be held until some one could be found who knew its intrinsic value, had faith in it, and a disposition to buy. The intrinsic value of the stock, it was also said on behalf of the defendant Gould, depended upon the length and heat of the summer season,

the competition or combination among rival companies, and many other combinations. These facts and circumstances are referred to only for the purpose of showing that there was a difference between the views of the various persons called upon to estimate the value of the stock. It appears, in reference to the sale, that it was directed by persons to whom it was pledged, and the instructions given to the brokers were imperative to sell it at once. They did not know of the defendant Shear, except what was developed by the fact that the certificates of stock were in his name, and assigned by him in blank. The defendant Gould had never heard of Shear, or of the plaintiff, or of this suit, and made this purchase, as he had made others, for a profit. His attitude is, therefore, that of a purchaser in the open market, without notice, and at a price which, under a forced sale, is not unusual, though for less than the intrinsic value of the article sold. There is nothing in the evidence to warrant the imputation of collusion, combination or fraudulent intent, except the inadequacy of price. Whatever there may be of a suspicious character against the defendant Gould, is met and overcome by positive denials of any wrong. It is well settled that mere inadequacy of price does not implicate a vendee's title. The creditor who seeks to invalidate a sale upon the ground of fraud, must prove facts from which a legitimate inference of fraudulent intent can be drawn. Evidence which justifies a suspicion is not enough, nor is the vendor's fraudulent intent sufficient. (*Jaeger* v. *Kelley*, 52 N. Y., 274.) The plaintiff, in the case cited, paid for the wine purchased less than half its value, but he paid partly in cash and partly in a claim against the vendor, and took immediate possession of the property. There was no evidence that he knew any thing of the pecuniary circumstances of the vendor, or that the latter owed any debt other than that due to him, which formed a part of the consideration given for the wine. In this case, as already suggested, the defendant Gould, the purchaser, knew nothing of the defendant Shear, nor did the brokers with whom he dealt; and the circumstances attending the purchase were not such as to demand from him any investigation as to the title, or to put him on an inquiry.

The plaintiff regards the omission of the brokers to reveal the name of the pledgees on the motion, if they knew it, as a suspicious

circumstance; but that in no way affects the defendant Gould's title, however it may impugn the brokers. He bought certificates in the name of Shear, with an assignment in blank, and, in the absence of notice or knowledge to demand inquiry by him, this is his protection. The mere suspicion, if one may be properly indulged against him, is not enough, as we have seen. The order at the Special Term should, therefore, be reversed, with costs.

DAVIS, P. J., and DANIELS, J., concurred.

Order reversed, with costs.