Sherman *et al. v.* Hogland.

No. 7398.

SHERMAN ET AL. *v.* HOGLAND.

PRACTICE.—*When Interrogatories may be Filed.—Harmless Error.*—It is not necessary that interrogatories be filed at the time of filing any specific pleading. They may be filed at any time before the issues in the case are closed. The error, if any. in compelling a party to answer interrogatories is harmless, where such interrogatories are not offered in evidence.

FRAUDULENT CONVEYANCE.—*Complaint.— Value of Property.*—A complaint to set aside a fraudulent conveyance of real estate is not insufficient for failure to aver the value of such real estate, but such complaint must show that the defendants had no property subject to execution at the time the action was commenced.

SAME.—*Evidence.— Husband and Wife.—Conspiracy to Defraud Creditors.— Declarations of Husband.*—Where a husband and wife act in concert to defraud the creditors of the husband, the declarations of the latter, made before the common purpose was accomplished, are admissible in evidence against both.

SAME.—*Statements of Wife to Assessor as to Her Property.*—In such case the sworn statements of the wife to the assessor, as to her separate property, are properly admissible in evidence, as showing her ability or inability to pay for the real estate conveyed to her.

SAME.—In such case, the existence of a confidential relationship between the grantor and grantee, and the pendency of an action against the former, are proper circumstances for the jury to consider as indications of fraud.

SAME.—*Consideration.*—The rule, that where the grantee has paid a valuable consideration for the conveyance, it can not be adjudged fraudulent, unless the grantee had notice of the fraudulent intent of the grantor, does not apply to cases where no consideration was paid.

SAME.—*Instruction.*—*Outstanding Title.*—An instruction in such case, that the lands claimed by the husband could not be subjected to the payment of his debts, where the wife had purchased an outstanding title, whether such title was paramount or not, was rightly refused.

SAME.—Under section 456 of the code, property fraudulently conveyed by a debtor may be sold without appraisement.

INSTRUCTIONS.—It is not error for the court to refuse instructions which are correct as abstract propositions of law, but irrelevant to the case made by the evidence; nor is it error to refuse instructions, where the court has fully covered the points in its own instructions.

From the Carroll Circuit Court.

*B. B. Daily*, for appellants.

*C. R. Pollard*, for appellee.

ELLIOTT, J.—The appellee sought to have a conveyance of real estate, made to the appellant Rebecca Sherman, set aside as fraudulent, and obtained a decree setting it aside. Appellants unsuccessfully demurred to the amended complaint of appellee, and here present the question of the correctness of the ruling upon the demurrer. It is contended that the complaint is insufficient because it does not allege the value of the real estate charged to have been conveyed. Allegations of value are very seldom material, and we do not think they are so in the present instance. We do not feel authorized to reverse the case upon the ground that the complaint does not state the value of the property, for the omission is one which can not possibly do the appellants any injury, and which does not affect the substantial merits of the controversy.

It is urged that the complaint is insufficient because it does not aver that the appellants had no property subject to execution at the time the action was instituted, and we are

referred to the case of *Bruker* v. *Kelsey*, 72 Ind. 51. We believe the doctrine of that case to be right, and that the plaintiff in a suit to set aside a fraudulent convey- ance of lands must show that the defendants had no property subject to execution at the time of the commencement of the action, but the appellants can not receive any aid from that doctrine, because the complaint in this case does show that the grantor in the alleged fraudulent conveyance had no property subject to execution at the time the action was com- menced. The allegations of the complaint under mention are more full and direct than were those in the complaint in *Bruker* v. *Kelsey*, *supra*. It is not only shown that an execution was issued and return of *nulla bona* made, but it is also alleged that the grantor did not have property subject to execution, either at the time the conveyance was made or the action brought, out of which the appellee's claim could be made. Enough is averred to show that an ordinary legal remedy would not afford adequate relief, and that appellees have a right to subject the land alleged to have been fraud- ulently conveyed to seizure and sale upon execution.

Appellants complain of the action of the court in compel- ling the appellant Mervin Sherman to answer interrogatories propounded to him by the appellees. The argument upon this point is that the interrogatories were not filed with a pleading affecting said appellant ; that they were, therefore, improperly filed, and the appellant ought not to have been compelled to answer them. The code does not mean to restrict the right to file interrogatories to the time of filing any spe- cific pleading, but means that they may be filed at any time before the issues are closed, or the right to file pleadings has terminated.

It is insisted that the court erred in compelling Mervin Sherman to answer interrogatories because he was not a com- petent witness, as his wife is a party to the action. The assumption upon which this argument is based is unwar-

ranted ; but, if it were a just one, no harm was done, because the interrogatories were not offered in evidence. Judgments. are never reversed because of harmless errors.

The ruling denying the appellants a new trial brings before us questions upon rulings admitting evidence, giving and refusing instructions, and the sufficiency of the evidence to support the verdict. The court, over the objection of appellants, permitted witnesses to testify as to declarations. made by Mervin Sherman. These declarations were admissible against the party by whom they were made, and upon that ground, if upon no other, were entitled to admission. If appellants were acting in concert in an attempt to defraud the creditors of one of them, then the declarations of one,. made before the common purpose was accomplished, would. be admissible against all. There was enough evidence tending to prove a collusive attempt and design to defraud the creditors of Mervin Sherman, to justify the admission of his. declarations against all of the appellants.

There was no error in permitting the appellees to give in evidence the sworn statements of Rebecca Sherman,.made to the assessor, wherein she gave a detailed statement of the property owned by her and subject to taxation. The statements were competent for the purpose of showing the ability of Mrs. Sherman to purchase and pay for the real estate conveyed to her. If, from these sworn statements, it appeared that she had no means with which to buy property,. the jury might have inferred that the conveyance to her was. a purely voluntary one, and, therefore, fraudulent as to creditors.

The third instruction given by the court is as follows : "Fraud is never presumed, but must be clearly proven. A. conveyance of property made and received for the purpose of hindering, delaying and defrauding creditors, is void as. against creditors. The burden of proving such fraud rests. upon the creditor attacking it. But the proof is seldom di-

rect proof, but usually consists of a chain of circumstances that indicate and usually accompany fraud. They are, first, the parties sustain confidential relations to each other; second, concealment of the fact of the transfer of title; third, the vendor being at the time of the transfer heavily indebted and pressed for the payment, by suit or otherwise; fourth, the existence of a recent prior contract whereby the grantor is made to appear under obligations to make the transfer; fifth, the want of other property or means of the debtor sufficient to pay his debts.'' This instruction is awkwardly framed, and is somewhat obscure, but is not erroneous. Appellants' counsel insists that it is erroneous because it tells the jury that among one of the indications of fraud is that of the existence of a confidential relationship between the grantor and grantee, and, in support of this position, cites *Tenbrook* v. *Brown*, 17 Ind. 410. That case is not in point. The court does not tell the jury that the relationship affords a presumption of fraud, but simply that it is one link in the chain of circumstances tending to establish fraud. It is also urged that the instruction is erroneous because it places among the indications of fraud the fact that there was a pending action at the time the conveyance was made, and counsel cite *McMahan* v. *Morrison*, 16 Ind. 172; *Lowry* v. *Howard*, 35 Ind. 170. The rule, that the pendency of an action will not defeat a conveyance if made in good faith, is declared by these cases, and we give it our full approval; but that rule is a very different one from that upon which counsel here insists. A conveyance will not be declared fraudulent, although made when many actions are pending, if made in good faith; nor will the fact that actions are pending be of itself sufficient to overthrow the conveyance, but the fact that an action is pending is always proper for the consideration of the jury, and it is not error to direct their attention to it as one of the circumstances usually attending a conveyance made to defraud creditors. The instruction

does not declare that the fact that an action is pending will justify an inference of fraud, but simply that it is one of the circumstances usually accompanying and indicating a fraudulent conveyance of property.

The sixth instruction given by the court is as follows:

"I have indicated to you some of the badges of fraud. A badge of fraud is a fact calculated to throw suspicion upon a transaction, and calling for an explanation. Its only effect, in general, is to require proof of the circumstances connected with the transfer, and of the good faith of the parties thereto. It is not conclusive of fraud, but simply an inference drawn by experience from the customary conduct of men, and hence is open to any reasonable and fair explanation." This instruction is substantially correct. The court does not tell the jury that a badge of fraud conclusively condemns a transaction as fraudulent, as counsel supposed, but simply that it is one of the indications of fraud. This is the true rule. Badges of fraud afford grounds of inference from which the jury are authorized to conclude that a transaction surrounded by them is fraudulent. The party against whom they are adduced is at liberty to explain them if he can, but if sufficient in number and importance, and not explained, they will supply substantial grounds for pronouncing a transaction void upon the ground of fraud. The instruction asserts nothing in conflict with the rule declared in the case of *Jaeger* v. *Kelley*, 52 N.Y. 274. In that case it was held, that it is not enough to create a suspicion of wrong. To invalidate a sale, tangible facts must be proved, from which a legitimate inference of a fraudulent intent can be drawn. This is doubtless good law, and nothing said in the instruction is hostile to it, for it simply calls the attention of the jury to facts which they may properly consider as *indicia* of fraud, but it does not attempt to declare that they are sufficient to establish fraud.

The third and fourth instructions asked by the appellants,

.and refused by the court, assert that a conveyance is not to be deemed fraudulent solely upon the ground that it was made without consideration. These instructions assert an .abstract proposition, which would be correct if applied to a proper state of facts. But, in this case, they were rightly refused, if for no other reason than that they were not rele-vant to the case made by the evidence. There was no error in refusing them, because the court, in its instructions, fully :and explicitly instructed the jury upon the points covered by these instructions, and in quite as favorable terms as appel-lants had any right to ask.

The seventh instruction asked by appellants asserts, with-out qualification, that the plaintiffs could not recover unless they proved that the grantee had notice of the grantor's fraud. It was rightly refused. It is true, that, where the grantor receives a valuable consideration from the grantee, the conveyance can not be adjudged fraudulent unless it be shown that the grantee had notice of the fraudulent intent of the grantor, and, if this instruction had asserted this prop-osition it would have been correct; but it goes much further, and declares that, in no case, is a conveyance fraudulent un-less the grantee participated in, or had notice of, the grant-or's fraudulent purpose. The instruction, as asked, was en-tirely too broad, and, under the evidence, would have misled the jury had it been given. If it had qualified the general proposition asserted, by adding words limiting the rule to cases where some consideration had been paid, then its re-fusal would have given appellants just ground of complaint. The cases cited by appellants do not apply to cases where the conveyance is without consideration, but apply only to cases where some consideration moves from the grantee.

The eighth instruction asked by appellants is as follows : "If you find from the evidence, that the lands mentioned in the complaint were in the possession of the defendant Mervin Sherman, and held by him, and that after his marriage with

the defendant Rebecca, another person, to wit, one Jenkins, claimed to hold a paramount title to the lands, it makes no difference whether the title of the said Jenkins was paramount or not, if the defendants Mervin and Rebecca agreed to buy the title so held by said Jenkins ; and should you find that said title was purchased from said Jenkins, and the consideration therefor paid for out of the money or separate estate of the defendant Rebecca Sherman, with the understanding that the title so conveyed by said Jenkins was to be conveyed to her, and the defendant Mervin had the same conveyed to himself, he would hold the lands simply as a trustee for the said Rebecca, and they would not be subject to the payment of his debts.''

This instruction was rightly refused. It conveys the meaning that whether the purchase from Jenkins was in good or bad faith, it would give the appellant Rebecca Sherman a title as against the creditors of the husband. This is not the law. If the purchase from Jenkins was merely colorable, and designed to put title in the name of Rebecca Sherman, it would not be valid as against her husband's creditors. The natural inference from the statement of the instruction, that ''it makes no difference whether the title of Jenkins was paramount or not,'' is that no matter what kind of a title Rebecca Sherman had bargained for, it would supersede that of her husband, and place the title to the land in her beyond the reach of the husband's creditors. The wife of a debtor can not get title to land already owned by her husband, by buying an outstanding claim which is without substantial foundation, and thus prevent it from being applied in payment of her husband's debts. If Mervin Sherman had previously owned the property, his wife could not, by buying, even though in the utmost good faith, an outstanding claim which was not valid, secure a title which would be superior to that of her husband, or paramount to the rights of creditors. But the instruction does not even restrict the rule to

cases where the purchase of the outstanding title is made in good faith, but extends it to all purchases of foundationless outstanding claims, whether made in good or bad faith.

Two juries have found against appellants, and this, of itself, supplies to us an almost conclusive presumption that the verdict is sustained by the evidence. Notwithstanding this, we have examined the evidence with care, and think it fairly supports the conclusion reached by the jury. That the juries have examined and considered fully the evidence given upon all the material points, is evidenced by the fact that they have made full answers to interrogatories upon all the important elements of the case.

There remain for consideration two questions. The first arises upon the overruling of appellants' motion for judgment on the answers made by the jury to the interrogatories propounded to them. It is insisted that, as the answers show that Mrs. Sherman had paid three hundred dollars for an outstanding title, the conveyance can not be deemed fraudulent. If this answer stood alone, it would not create such an irreconcilable conflict with the general verdict as would warrant the overthrow of the latter. The answer, however, is but one of many, and, taking all the answers together, the appellee would have been entitled to judgment if the general verdict had been for the appellants.

The second of the questions last referred to arises upon the provision in the decree directing that the property should be sold without relief from appraisement laws. Section 456 of the code very decisively settles this question against the appellants.

Judgment affirmed.

Opinion filed at November term, 1880.
Petition for a rehearing overruled at May term, 1881.