Taylor *et al. v.* Johnson.

.No. 13,123.

TAYLOR ET AL. *v.* JOHNSON.

SUPREME COURT.—*Pleading.*—*Defective Complaint.*—Where a complaint is challenged for the first time in the Supreme Court it must be radically and fatally defective, wholly omitting the averment of material and necessary facts essential to the existence of the cause of action attempted to be stated therein, to authorize or require the reversal of the judgment on account of the alleged insufficiency of facts set out in the pleading.

FRAUDULENT CONVEYANCE.— *Pleading.*— *Complaint.*— *Necessary Averments of.*—*Supreme Court.*—In an action by a creditor to annul and set aside an alleged fraudulent conveyance of real estate, the plaintiff must show by the averments of his complaint, not only that the grantor in such conveyance had no other property subject to execution at the date of the conveyance, but that he had no such property at the time of the commencement of the action; and a complaint without such averments may be successfully challenged for the first time in the Supreme Court.

From the Starke Circuit Court.

*G. W. Beeman* and *F. Church,* for appellants.

*H. R. Robbins, J. M. Howard* and *T. J. Merrifield,* for appellee.

HOWK, J.—In this case, all the appellants jointly, and appellant Mary M. Thomas separately, who were all defendants below, assigned here as the only error for which they ask the reversal of the judgment herein, that appellee's complaint does not state facts sufficient to constitute a cause of action.

In his complaint, appellee, Johnson, alleged that, on the 13th day of September, 1883, he recovered judgment against defendant John A. Taylor, in the Pulaski Circuit Court, for the sum of $3,000, in an action against said John A. Taylor for damages for an assault and battery by him committed on the person of plaintiff, Johnson, on July 18th, 1882; that while said judgment was in full force, in pursuance of a fraudulent combination between defendant John A. Taylor and his co-defendants, Lydia M. Taylor, Mary M. Thomas

and Lyman F. Thomas, and for the purpose of hindering, delaying and defrauding his, John A. Taylor's, creditors and plaintiff, Johnson, defendants John A. Taylor and Lydia M. Taylor, his wife, on the 15th day of September, 1883, conveyed to defendant Mary M. Thomas, wife of defendant Lyman F. Thomas, lots numbered 4 and 7 in block No. 2 of Rose's addition to the town of Hamlet, in Starke county, Indiana, a copy of which conveyance was filed with and made part of such complaint; that defendant Mary M. Thomas received and accepted such conveyance for the fraudulent purpose aforesaid, and with full knowledge of the fraudulent purpose for which such conveyance to her had been made as aforesaid.

Appellee, Johnson, further averred that, on the 31st day of July, 1882, prior to the execution of the conveyance aforesaid, an order of attachment was duly issued out of the clerk's office of the court below, a copy of which order or writ was filed with and made part of such complaint; that the lien created by said order or writ still attached to the above described real estate; that such order or writ was placed in the hands of the sheriff of Starke county, commanding him to seize the personal property, attach the lands of the defendant in Starke county, not exempt from execution, or enough thereof to satisfy plaintiff's claim; that said order or writ, on the day it was placed in such sheriff's hands, to wit, July 31st, 1882, became and had since continued to be, "until the present time" (October 15th, 1885), a lien on the above described real estate; that, on September 13th, 1883, judgment was rendered in plaintiff's favor and against defendant John A. Taylor for $3,000, which judgment was still unsatisfied, and was so rendered in and by the Pulaski Circuit Court, on a change of venue from the court below; that, on the 15th day of September, 1883, the date of the execution of the aforesaid fraudulent conveyance by defendants John A. Taylor and Lydia M. Taylor, his wife, to their co-defendants, all such defendants were fully aware that said

conveyance was fraudulent, and that no consideration was paid therefor; that such conveyance was made for the sole purpose of cheating, hindering or delaying the collection of the aforesaid judgment, of which purpose all the defendants were fully apprised at the time such judgment was so rendered by the Pulaski Circuit Court; that, on the 14th day of June, 1884, plaintiff caused an execution to be issued by the clerk of the Pulaski Circuit Court, directed to the sheriff of Starke county, commanding him to levy the said sum of $1,583.38 of the property of defendant John A. Taylor for the use of James R. Johnson, the plaintiff herein; and that by reason of the aforesaid fraudulent conveyance, for the fraudulent purpose aforesaid, the sheriff aforesaid failed and was unable to make a levy on said John A. Taylor's property and said house and lots in Hamlet, described as aforesaid; that, notwithstanding said false and fraudulent conveyance by said John A. and Lydia M. Taylor to said Mary M. Thomas, the said grantors continued and still continue in possession, and occupy, use and control the above described property as though no conveyance had been made; and that, at the date of the aforesaid fraudulent conveyance, defendant John A. Taylor had no other property subject to execution which could be attached or levied on at that time, and had not money enough at that time to pay off and satisfy the judgment already taken against him. Wherefore plaintiff prayed that the conveyance to said Mary M. Thomas might be decreed to be null and void, and said premises be decreed to be subject to sale under said attachment for payment of said judgment, and for all other proper relief.

The sufficiency of the facts stated in plaintiff's complaint to constitute a cause of action, which facts we have given substantially as they were pleaded, was not challenged nor in any wise called in question in the court below, either by demurrer for the want of sufficient facts or by motion in arrest of judgment, by any or all of the defendants. But this question is presented for the first time in this court, as we

Taylor *et al. v.* Johnson.

have seen, and it is the only question presented for decision in the case at bar by appellants' assignments of error. When a complaint is thus challenged here for the first time it must be radically and fatally defective—it must wholly omit the averment of material and necessary facts essential to the existence of the cause of action attempted to be stated therein— to authorize or require the reversal of the judgment below, by reason or on account of the alleged insufficiency of the facts stated in such complaint.   *Donellan* v. *Hardy,* 57 Ind. 393 ; *Lassiter* v. *Jackman,* 88 Ind. 118 ; *Baltimore, etc., R. R. Co.* v. *Kreiger,* 90 Ind. 380 ; *Kinney* v. *Dodge,* 101 Ind. 573 ; *Smith* v. *Smith,* 106 Ind. 43 ; *Becknell* v. *Becknell,* 110 Ind. 42.

But plaintiff's complaint herein is fatally defective, though its sufficiency is challenged here for the first time, in that it wholly omits to aver one fact which, under our decisions, must be averred for the purpose of showing that plaintiff had an existing cause of action and an existing right to maintain an action thereon at the time he commenced his suit.   It is shown by the record that plaintiff began this suit on the 15th day of October, 1885; and he states facts in his complaint which show with reasonable certainty that, on the 15th day of September, 1883, the date of the alleged voluntary and fraudulent conveyance by defendants John A. and Lydia M. Taylor to said Mary M. Thomas, plaintiff might have maintained a suit to have such conveyance set aside and declared void as against the creditors of said John A. Taylor, and to have subjected the lots thereby conveyed to said Mary M. Thomas to sale for the payment of plaintiff's judgment. This is so, because plaintiff has averred that at the date of such conveyance defendant John A. Taylor had no other property subject to execution which could be levied on at that time. This is not enough, however, in the case under consideration ; because, as we have seen, this suit was not commenced for more than two years after the date of such voluntary and fraudulent conveyance.   In such a case, it is settled by our

decisions that plaintiff must show by the averments of his complaint, not only that the grantor in such conveyance had no other property subject to execution at the date of the conveyance, but that he had no such property at the time of the commencement of the action and the filing of such complaint. *Cox* v. *Hunter*, 79 Ind. 590, and cases there cited.

The judgment is reversed, with costs, and cause remanded, with leave to plaintiff to amend his complaint.

Filed Jan. 25, 1888.