FENNO *et al.* v. HANNAN, Sheriff, *et al.*

(*Supreme Court, General Term, Fifth Department.* October, 1888.)

1. SALE—FRAUDULENT REPRESENTATIONS—INSOLVENCY—EVIDENCE.

That a purchaser of goods on credit did not misapply the same or the avails, but continued his business as usual, is evidence that he did not purchase the goods with intent to defraud the seller, and an instruction that the jury may consider, as bearing on the question of fraudulent intent, whether or not the purchaser derived any benefit to himself by the purchase, is improperly refused.

2. APPEAL—REVIEW.

On appeal from an order of the circuit court granting a new trial, the general term may review exceptions taken on the trial, though a new trial was granted on the ground that the verdict was against the evidence.

Appeal from circuit court, Monroe county.

Replevin by Isaac Fenno and others against John W. Hannan, as sheriff, and others, for a quantity of goods sold by the plaintiffs, as merchants, doing business in Boston, to Michael Carroll, a merchant doing business in Rochester. The sale was made in September, 1886, and upon credit, amounting to $2,011. After the delivery of the goods, and after part of them had been sold by Carroll, the balance of them was levied upon by the sheriff, by virtue of an execution in favor of Julius Wile and others against Carroll. The plaintiffs claim that Carroll procured a credit for the goods by making false representations as to his financial condition, with intent not to pay for the same, and for that reason the title never vested in Carroll. At the close of the plaintiffs' evidence the defendants moved for a nonsuit, which was denied, and the defendants excepted. Thomas H. Groves, Carroll's assignee, was made a defendant, but he did not answer. On motion of defendants on the judge's minutes, the verdict in plaintiffs' favor was set aside, and new trial granted. Plaintiffs appeal.

Argued before BARKER, P. J., and HAIGHT, BRADLEY, and DWIGHT, JJ.

*Fanning & Williams,* for appellants. *James Breck Perkins,* for respondents.

BARKER, P. J. It is recited in the order that a new trial was granted on the ground that the verdict was against the weight of evidence. The learned trial judge has not in writing expressed his views of the case, indicating wherein the evidence preponderates in favor of the defendants' position, that Carroll was not guilty of fraud in making the purchase of the goods in question. Our examination of the evidence convinces us that a case was made for the consideration of the jury, and the motion for a nonsuit was properly denied. If the jury had placed full confidence in the statements of the defendants' witnesses they would have been justified, and doubtless would have rendered a verdict in the defendants' favor. It is a case where there is some evidence on both sides of the main issue. When such is the state of the evidence, it is a general rule for the jury, aided by proper in-

structions from the court, to determine which of the witnesses were most credible and reliable, and by their verdict indicate the truth of the matter in dispute. Upon the evidence as presented on this trial, we think a case was made for the consideration of the jury, and it was for them to determine whether Carroll purchased the goods with a fraudulent intention on his part not to pay for the same.

The defendant the sheriff, who in this action stands as the representative of Wile and others, the judgment creditors, in meeting and seeking to overcome the case made by the plaintiffs, was compelled to rely largely upon the evidence of Carroll, the judgment debtor, who was contradicted in his statements bearing on a material question of fact in dispute, which would naturally excite some suspicion as to his integrity in the transaction. The direct evidence, in connection with the circumstances of the case, presented two questions of fact, and if either was well and satisfactorily maintained by the plaintiffs, they were entitled to the verdict which the jury rendered in their favor: (1) Did Carroll, at the time the purchase was made by him, of the plaintiffs in Rochester, in May, 1886, state to Mr. Weeks, one of the plaintiffs, who made the sale, that he did not owe a dollar, and that he discounted his purchases made in the spring of that year; and, if he did, was the same to induce them to sell him goods on credit, with the intent on his part to cheat and defraud them out of their pay; and did the plaintiff rely upon such statements as true, and were they induced thereby to sell the bill of goods in question upon credit? (2) Did Carroll, at the time he made the purchase in question, know of his insolvency, and withhold from the plaintiff his real financial condition, for the purpose of procuring a credit and with the fraudulent intent and purpose on his part not to pay for the same? There is some evidence in support of both of these propositions. There is direct and positive evidence that Carroll did state to one of the plaintiffs in May, 1886, that he did not owe a dollar. That statement was false. In view of the value of his property, and the limited amount of his business, he was, in fact, largely in debt. It appeared by the evidence, beyond all dispute, that he was insolvent, in the commercial sense of that term, when the goods in question were purchased, and that he did not disclose his financial condition to the plaintiffs. There is some evidence, but not very clear and decisive in its character, that when he made his purchases for the autumn trade of 1886, which amounted in the aggregate to the sum of $4,500, including the one made of the plaintiffs, that Wile & Co., the judgment creditors, to whom he was largely indebted, and who were his friends and advisers in business affairs, were well informed as to his financial condition, and were not willing to give him further credit. We deem it unnecessary to state the evidence and circumstances of the case with more particularity, as we find error in one of the rulings made on the trial, to which an exception was taken, which is of such a character as to require a new trial. We need not now state the rule adopted by this court in granting new trials on the ground that the verdict is against the weight of evidence, with a view of determining whether the order appealed from should be sustained on that ground. We may, however, refer to the case of *Morss* v. *Sherrill*, 63 Barb. 21, where the question is fully considered. All that it is necessary for this court to hold in disposing of the question presented, whether the verdict is against the weight of evidence, is that on another trial, if the evidence turns out to be the same, the question of fraud should be again submitted to the jury, with proper instructions.

The defendants asked the court to instruct the jury that they had the right to consider, on the question whether Carroll bought the goods with a fraudulent purpose, the fact whether or not he derived any benefit to himself by the purchase. This request was refused, and the defendants excepted. Carroll testified that after making the purchase of the goods, in September, he con-

tinued his business as usual, receiving and paying out money on his debts, until the 23d of November, when he made an assignment of all his property for the benefit of all his creditors, without reference to any, except a debt of $950, which he owed his sister. It was competent for the plaintiffs to prove, as they did prove on the trial, as bearing on the question of Carroll's fraudulent intent, the mode and manner in which he conducted his business after the purchases, and what he did with the avails derived from the sales of the goods so purchased before the assignment. If it had appeared that he had secreted for his own use any portion of the proceeds of his recent purchases, it would have been strong evidence of a fraudulent purpose on his part not to pay for the goods purchased of the plaintiffs. On the contrary, if he did not attempt to misapply the goods, or the avails of the same, to any unlawful use or purpose, it would be some evidence that his failure in business was caused by some misfortune, and that his dealings with his creditors were honest and honorable. If the jury believed that Carroll did not attempt to derive any benefit to himself from the transaction with the plaintiffs, they would have been more reluctant to find him guilty of a fraudulent purpose in making the purchase from the plaintiffs. It appeared upon the trial that the assignment had been set aside, but at whose instigation, or in what manner, was not disclosed. That conveyance being out of the way, the levy by the sheriff covered all of Carroll's title and interest in the property.

On this appeal this court is authorized to examine the exceptions taken on the trial, although it appears by the order appealed from that a new trial was granted by the trial court on the ground that the verdict was against the weight of evidence. The order should be affirmed. All concur.