FENNO *et al.* v. HANNAN *et al.*

(*Supreme Court, General Term, Fifth Department.* June 20, 1890.)

FRAUD—PLEADING AND PROOF.

In an action based on false representations by defendants, a verdict for plaintiffs was set aside on the ground that it was not sustained by the evidence, and the order was affirmed on appeal. On the second trial a verdict was directed for defendants. The evidence was as consistent with the innocence of defendants as with their guilt. *Held*, that the direction of a verdict would not be disturbed by the general term.

Exceptions from circuit court, Monroe county.

Action of replevin by Isaac Fenno and others against John W. Hannan, as sheriff, and others, to recover goods alleged to have been purchased on false representations by the execution debtor. Judgment for defendants. Plaintiffs appeal.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*Fanning & Williams*, for plaintiffs. *Perkins & Hays*, for defendants.

CORLETT, J. This is an action of replevin commenced in December, 1886. The plaintiffs were wholesale clothiers in Boston, Mass. They sold the clothing in question, of the value of about $2,000, to Michael H. Carroll, of Rochester, who afterwards made an assignment to the defendant Thomas H. Groves, with preferences. The complaint alleges that the goods were obtained by the fraud of Carroll. The assignee did not answer, and the sheriff justified his levy by virtue of an execution upon a judgment against Carroll in favor of the firm of Wile, Brickner & Wile. The action has been twice tried; the first, before Justice MACOMBER and a jury. A verdict was rendered for the plaintiffs. The trial justice set aside the verdict, and granted a new trial, as against the weight of evidence, on payment of costs, which was affirmed on appeal to this court. 2 N. Y. Supp. 474. The defendants

paid the costs, and the action was again tried, before Justice RUMSEY and a jury. At the close of the evidence the trial justice directed a verdict for the defendants, and ordered the exceptions to be heard here. When the case was before the court after the first trial, Justice BARKER, who delivered the opinion, reached the conclusion that the evidence required a submission of the case to the jury, but states that a new trial should be granted because of an error in one of the rulings to which exception was taken. A majority of the court, however, agreed with the trial justice; and his decision was affirmed, which involved a payment by the plaintiffs of the costs of trial. This was entirely inconsistent with the granting of a new trial because of error in setting aside the verdict as against evidence, or on exceptions. Carroll carried on business in Main street, in Rochester, from 1880 until he assigned, in 1886. His trade was retail, and he had always been a debtor of the firm of Wile, Brickner & Wile, and purchased goods from them from time to time. His inventory in the early part of 1886 seems to have amounted to over $11,000. He also owed a sister upwards of $900. He seems to have been in fair credit—able to purchase all the goods he wanted in his business—until about the time of his failure.

Much evidence was given on the part of the plaintiffs tending to show, as they claim, that he made false and fraudulent representations as to his assets and liabilities, on the strength of which they allege they sold him goods on credit. The defendant denies this, and presents his version of his dealings. All the witnesses were seen by the two trial justices. Each listened to the evidence, saw the witnesses, and had a good opportunity of forming correct conclusions. Each, after all the evidence had been given, reached the conclusion that fraud had not been established. The justice who heard the case the first time allowed it to go to the jury, but set aside the verdict on the ground that the evidence did not warrant the verdict. On the second trial the trial justice refused to submit the case to the jury. A detailed review of the evidence would not be profitable or instructive. An examination of it, however, does not produce the conviction that either of the learned justices fell into an error. A majority of the court did not concur with Justice BARKER It is a familiar rule that, where fraud is alleged, it must be proved. *Jaeger* v. *Kelley*, 52 N. Y. 274; *Parker* v. *Conner*, 93 N. Y. 118; *Stearns* v. *Gage*, 79 N. Y. 102; *Macullar* v. *McKinley*, 99 N. Y. 353, 2 N. E. Rep. 9; *Arthur* v. *Griswold*, 55 N. Y. 400. Where the evidence is equally consistent with innocence and guilt, the former interpretation must be given. *Morris* v. *Talcott*, 96 N. Y. 100. The evidence in the case at bar is certainly quite as consistent with innocence as guilt. The motion for a new trial must be denied.

All concur.