Brumbaugh v. Richcreek et al.

No. 14,777.

BRUMBAUGH v. RICHCREEK ET AL.

FRAUDULENT CONVEYANCE.—*Action to Set Aside.*— *Pleading.* — *Necessary Averments.*—In a suit by a creditor to set aside a conveyance of property on the ground that it was made to defraud creditors, an averment that at the time the suit was brought the debtor had no property out of which the debt might be collected, or an averment equivalent thereto, is material and necessary, and its omission is fatal.

SAME.—*Debtor's Unsoundness of Mind.—Advantage Taken of by Grantee.*—A creditor can not avoid a conveyance made by his debtor solely because the debtor was of unsound mind when he made it. Nor does the fact that the grantee, knowing of the debt and of the debtor's mental weakness, took advantage of such weakness for the purpose and with the intention of thereby defrauding the creditor, authorize the creditor to appeal to a court of equity to set aside such deed, unless he is injured thereby.

From the Kosciusko Circuit Court.

*I. H. Hall, E. Haymond* and *L. W. Royse,* for appellant.
*S. J. North* and *H. S. Briggs,* for appellees.

McBRIDE, J.—This was a suit by Rachel Richcreek, the appellee, to set aside an alleged fraudulent conveyance of land.

The appellee was a judgment-creditor of Susan Brumbaugh, who had conveyed certain lands to appellant, and appellee insisted that the conveyances were made by said Susan and received by appellant for the sole purpose of preventing the collection of her claim.

The complaint is in two paragraphs, and the circuit court overruled a separate demurrer to each paragraph. Appellant excepted, and this ruling is assigned as error.

In the first paragraph of the complaint it is alleged, in substance, that, on the 24th day of October, 1885, said Susan, "contriving to cheat, hinder, delay and defraud plaintiff out of her said debt," conveyed a portion of said land to appellant, and afterwards, on the 1st day of April, 1887, "the more effectually to place said Susan in a situation to defeat

the collection of plaintiff's claim, and to cheat and defraud plaintiff out of her said claim," conveyed to appellant the residue of said land, and that such conveyances were voluntary and without consideration, that appellant had knowledge of said indebtedness and of said fraudulent purpose, and that said conveyances left said Susan " with no property whatever subject to execution."

In the second paragraph it is alleged that said Susan was " of weak and infirm mind, and wholly incapable of making any contracts or transacting any business for herself," and that appellant, " having knowledge of her indebtedness to plaintiff, and also having full knowledge of her mental incapacity, and purposing and intending to cheat and defraud plaintiff out of her debt, and to prevent it being made out of the property of said Susan," procured and induced her to convey the land to him, which she did at the time indicated in the first paragraph, without any consideration whatever, " leaving said Susan without any property whatever subject to execution."

There is no averment in either paragraph of the complaint that at the time of the commencement of the suit the debtor had no property out of which the debt might have been collected, nor is there any equivalent averment.

This suit was commenced October 10th, 1887, while, as above shown, the last deed was made April 1st, 1887, and the only averment occurring in either paragraph with reference to what, if any, property she had remaining, is that quoted above, that when the deed of April 1st, 1887, was made, it left her " without any property subject to execution."

In a suit by a creditor to set aside a conveyance of property on the ground that it was made to defraud creditors, an averment that at the time the suit was brought the debtor had no property out of which the debt might be collected, or an averment equivalent thereto, is material and necessary,

and its omission is fatal. *Bruker* v. *Kelsey,* 72 Ind. 51; *Sherman* v. *Hogland,* 73 Ind. 472; *McCole* v. *Loehr,* 79 Ind. 430; *Bishop* v. *State, ex rel.,* 83 Ind. 67; *Taylor* v. *Johnson,* 113 Ind. 164; *Adams* v. *Slate,* 87 Ind. 573.

A creditor is not authorized to interfere with any disposition which his debtor may make of his property so long as he is not injured thereby. The debtor may convey his property with the intention of defrauding his creditor, but if he still retains property subject to execution out of which the debt may be collected, the debtor can not complain. So, also, if the debtor conveys all of his property with like fraudulent purpose, retaining nothing, but when the creditor seeks to collect the debt of him he has acquired and then has property subject to execution from which the claim can be made, the creditor has no ground for interfering with the fraudulent conveyance. The averments in the second paragraph that the debtor was of unsound mind when she made the conveyances do not affect the question. The contracts of a person of unsound mind, not under guardianship, or whose mental unsoundness has not been judicially determined, are voidable, but are not void. A creditor, however, can not avoid a conveyance made by his debtor solely because the debtor was of unsound mind when he made it. Nor does the fact that the grantee, knowing of the debt and of the debtor's mental weakness, took advantage of such weakness for the purpose and with the intention of thereby defrauding the creditor, authorize the creditor to appeal to a court of equity to set aside such deed unless he is injured thereby.

Both paragraphs of the complaint are fatally defective, and the demurrer should have been sustained to each paragraph.

It is due to the court below to say that while the question here involved is fairly in the record by demurrer and exception, it was probably never in fact presented or argued. This seems to be clearly indicated by the special findings, which show that evidence was heard, and the court found the existence of the facts which ought to have been averred and

were not. This, however, does not cure the error, as the appellants may say, we only called witnesses to meet the facts charged, and could not anticipate that the court would hear evidence on 'facts not put in issue. The court can not say, if the fact had been put in issue, that appellants might not have met it successfully with proof.

Judgment reversed, with direction to the circuit court to proceed in accordance with this opinion.

OLDS, J., took no part in the decision of this case.

