Slagle *v.* Hoover *et al.*

Filed Mar. 28, 1894.

———————◆———————

No. 16,692.

SLAGLE *v.* HOOVER ET AL.

FRAUDULENT CONVEYANCE.—*Action to Set Aside.*—*Complaint, Necessary Allegations.*—*Matter of Defense.*—In an action by a creditor to set aside a fraudulent conveyance, the complaint should allege that at the time of the conveyance and at the time of bringing the suit the debtor had no other property than that conveyed subject to ex-

ecution with which to pay the debt; and it need not be more particularly alleged that the property conveyed is itself subject to execution. If the property is not subject to execution, that fact may be pleaded as matter of defense.

SUPREME COURT PRACTICE.— *Evidence Conflicting.*—*Finding not Disturbed.*—If the evidence is conflicting, the appellate tribunal will not disturb the finding on the weight of the evidence.

From the Carroll Circuit Court.

*M. A. Ryan, C. R. Pollard* and *R. C. Pollard,* for appellant.

*D. D. Dykeman, W. T. Wilson* and *G. C. Taber,* for appellees.

HOWARD, C. J.—This was an action brought by the appellees against the appellant and Sarah G. and Conrad Slagle, his father and mother, to recover a judgment against the latter, and also to set aside the conveyance of the real estate described in the complaint, made by them to appellant, on the ground of fraud against appellees.

The complaint was in two paragraphs, to which demurrers were overruled.

On the second paragraph of the complaint there was a finding against the appellant, and against Sarah G. and Conrad Slagle, that the conveyance from the latter to appellant was fraudulent and void as to appellees, and that the real estate so conveyed should be subjected to the debt found due them.

A motion to modify the finding, so as to show that the conveyance was not fraudulent as to appellant, was overruled, as was also his motion for a new trial, and a decree was entered in accordance with the finding.

The sufficiency of the complaint and the correctness of the court's ruling in opposition to the motion for a new trial, are questioned by the appellant. Counsel say that the complaint is bad for the reason that it is not

alleged that the property conveyed was at the time subject to execution for the debt of Sarah G. and Conrad Slagle.

The allegations of the complaint in this regard are, "that at the time of the execution of said conveyance, by said Sarah G. Slagle and Conrad Slagle to said William H. Slagle, Sarah G. Slagle and Conrad Slagle, or either of them, had not, nor have they, or either of them, since had, nor have they or either of them now at this time any other property subject to execution with which to pay her debts, or the debts of either of them, or any part thereof; but that said Sarah G. Slagle and Conrad Slagle were each, at the time of the making of said conveyance to their son, and have each ever since been, and are now, each wholly insolvent."

This is a very particular statement of the necessary allegations, and perhaps more detailed than necessary. What is required is that it should be alleged that at the time of the conveyance and at the time of bringing the suit the debtor had no other property than that conveyed subject to execution with which to pay the debt. That the property conveyed is itself subject to execution need not be more particularly alleged in the complaint. If it is not so subject to execution, that fact may be pleaded by the debtor. No such plea was made in this case. The cases cited by counsel we do not think are in point. Like allegations to those in this case have been held sufficient. *Bruker* v. *Kelsey*, 72 Ind. 51; *Sherman* v. *Hogland*, 73 Ind. 472; *Taylor* v. *Johnson*, 113 Ind. 164.

The grounds stated in the motion for a new trial are, in substance, that the finding is not supported by the evidence, and is contrary to law.

It was admitted on the trial by the appellant and his co-defendants "that at the time of the conveyance Sarah G. Slagle and Conrad Slagle had neither of them any

Slagle *v.* Hoover *et al.*

other property subject to execution, and that they have had none since the commencement of this suit.'' But counsel for appellant insist that this admission and the other evidence do not show that the property in question was subject to execution for the debts of Sarah G. Slagle.

To arrive at this conclusion counsel say that the undisputed testimony shows that the property was worth but $1,400, subject to a mortgage lien of $1,000, leaving the net value $400; that by section 6969, Burns R. S. 1894, Sarah G. Slagle, being a resident married woman, had a right to an exemption of $600, leaving nothing subject to execution.

This evidence, however, is not all undisputed. The tract of ground in controversy consisted of forty acres; and at least one witness testified, both on direct and on cross-examination, that it was worth fifty dollars per acre, or $2,000, instead of $1,400. Other evidence did go to show that the property was worth but thirty-five dollars per acre. This court can not weigh such conflicting evidence, but must leave that to the trial court, whose opportunities of knowing which evidence ought to be believed were much better than ours can be. If the trial court believed from the weight of the evidence that the land was worth $2,000 there would be enough property subject to execution left after the mortgage lien and the statutory exemption to satisfy appellees' debt.

There is nothing in the contention that the life estate reserved by the parents of appellant, constituted property in their hands out of which appellees, debt might be made. The valuation placed upon the real estate covered the full worth of the property, whether belonging to one or the other, or to all three of the defendants, either as life estate or remainder interest, or both; and, by the admission of defendants, "Sarah G. Slagle and Conrad Slagle had, neither of them, any other property subject

to execution.'' Taking any of the values placed upon the land, and deducting the mortgage lien, the life interest in the remainder, for persons fifty-four and fifty-six years of age respectively, could not exceed their right of exemption.

Counsel also argue that the evidence shows appellant to have been a *bona fide* creditor of his parents at the time he received the conveyance in question, at which time, also, there was as yet no judgment lien against them. We think, however, that the evidence on this point is conflicting. The property had formerly been deeded to appellant by his parents, and was deeded back to them by him. The second deed to him, the one in question, was made after the debt by them was contracted. This debt he endeavored to settle with appellees, promising to pay them. He transacted all the business in securing the conveyance to himself. We think the court might have found, from this and other evidence, that he was not a *bona fide* creditor, and that the deed to him was fraudulent.

There is no question properly before us as to the suretyship rights of Sarah G. Slagle as wife of Conrad Slagle. She is not a party to this appeal. Her right to plead such suretyship is a personal privilege, and can not be pleaded by appellant. That question, too, is concluded by the judgment against her, which was the foundation of the second paragraph of the complaint, on which the decree is based.

It is true that if appellant were a *bona fide* creditor of his parents before the rendition of the judgment against his mother, he might receive the conveyance without fraud of her other creditors; but the court plainly did not believe, from the evidence, that he was such *bona fide* creditor. It is enough for us to know that the evi-

dence is of such a character as to tend, in some degree, to sustain the decision of the court on this point.

It is finally contended that since the complaint alleges that the conveyance was voluntary and without consideration, while the evidence shows a good consideration, that there is a failure of proof. But the complaint also alleges that the conveyance was accepted by appellant with like fraudulent intent with his grantors, and with full knowledge of their fraudulent intent; that he knew of the debt to appellees, and conspired with his grantors to deprive appellees of their just claim. A conveyance so made is fraudulent against the creditor, as has many times been held.

We find nothing in the record that would justify us in disturbing the finding and judgment of the court.

The judgment is affirmed.

Filed March 30, 1894.