### ANDREWS ET AL. *v.* PETERS.

[No. 11,994.  Filed December 3, 1924.]

1. BROKERS.—*Finding held sufficient to show that real estate broker's contract for commission was in writing.*—In an action by a real estate broker for a commission for the exchange of real estate, a finding that the parties making the exchange "signed" an agreement, "made in triplicate," and that it was "subscribed" by the parties thereto on a certain date, is equivalent to a finding that it was in writing, as required by §7463 Burns 1914.  p. 202.

2. BROKERS.—*Broker's contract for commission valid though unsigned by him and executed after services performed.*—An agreement in writing to pay a real estate broker's commission must be given effect, although not executed by the broker, and not made until after the services were performed.  p. 202.

3. TRIAL.—*Finding held sufficient to show terms of contract to pay broker's commission.*—On the trial of a real estate broker's

action for a commission for effecting an exchange of real estate, a finding that the parties "entered into an agreement for the sale and purchase of the real estate, which agreement is as follows, to wit": followed by a copy thereof, is a finding that agreement was made and on the terms stated therein. p. 203.

4. BROKERS.—*Finding held sufficient to show that principal was indebted to broker.*—In an action by a broker for a commission, where the court found that a written agreement to pay a commission in a certain amount was executed by the defendant, setting out a copy thereof, it was not necessary to make an additional finding that the defendant was indebted to the plaintiff, it being found as a fact that the commission had never been paid. p. 204.

5. APPEAL.—*Making additions to findings, must be assigned as cause for new trial.*—The court's action in making additions to its finding of facts will not be reviewed on appeal where not assigned as cause for a new trial. p. 204.

6. FRAUDULENT CONVEYANCES.—*Necessary allegations in complaint to set aside.*—When a creditor attacks a conveyance as fraudulent, it must be averred and proved that the grantor, at the time of the conveyance, did not have enough property subject to execution to pay his then existing debts, and that he had no property subject to execution when the suit was brought. p. 204.

7. FRAUDULENT CONVEYANCES.—*Conclusion of law that conveyance should be set aside not supported by evidence.*—A conclusion of law stated on a special finding of facts that a conveyance should be set aside as fraudulent was not warranted where there was no finding as to the amount of property the grantor had subject to execution at the time the conveyance was made and the suit brought. p. 204.

From Starke Circuit Court; *William C. Pentecost,* Judge.

Suit by Robert D. Peters against Emery Andrews and another. From a judgment for plaintiff, the defendants appeal. *Reversed.*

*William J. Reed* and *Murat W. Hopkins,* for appellants.

*Orville W. Nichols,* for appellee.

BATMAN, J.—This is an action by appellee to recover a personal judgment against appellant Andrews for

the amount of a commission alleged to be due him in connection with a proposed exchange of real estate, and to have a deed, executed by said Andrews to his co-appellant, set aside as fraudulent, and the real estate described therein subjected to the payment of his said claim.   After the joining of issues, the cause was submitted to the court for trial, and, on request, the court made a special finding of facts and stated its conclusions of law thereon.   Appellants filed a motion for a new trial, which was overruled, and thereupon judgment was rendered in favor of appellee upon the conclusions of law stated in his favor.   This appeal followed, based on an assignment of errors, which challenges the action of the court in stating each of its conclusions of law, and in overruling appellants' motion for a new trial.

Appellants cite §7463 Burns 1914, and contend that there is no finding of the ultimate fact, that the agreement upon the part of appellant Andrews to pay the commission in suit was in writing, as said section requires.   The record discloses that the court found that said appellant and one Dowd, who was procured by appellee, "entered into an agreement for the sale and purchase of the real estate, which agreement is in the words and figures following, to-wit": (Here follows a *formal* statement of an agreement, purporting to have been made by the parties named).   This agreement contains, among others, the following provision:   "It is further agreed that each party shall pay to Robert D. Peters of Knox, Indiana, five hundred dollars each as a broker's commission for making said deal."   It is also expressly found, aside from such recital, that said agreement contained such provision.   True, there is no direct finding that said agreement was in writing, but it is in the form usually given to an agreement of that character, and concludes

as follows: "In Witness Whereof, we have hereunto *subscribed* our names the day and year first above *written.*        J. W. Dowd, Party of the First Part,

Emery Andrews, Party of the Second Part. *Made in triplicate.* Witness: Robert D. Peters."

The finding also contains the following statement: "The court finds it is a fact that Emery Andrews, one of the defendants herein, who *signed* the contract \* \* \*." (All of the above italics are ours.) These quotations disclose that the agreement in question was *made in triplicate, subscribed by the parties,* on *a date written* therein. These facts lead to but one conclusion, viz.: that the agreement was in writing, and hence such fact will be treated as found. *Judah* v. *F. H. Cheyne Electric Co.* (1913), 53 Ind. App. 476; *Harris* v. *Riggs* (1916), 63 Ind. App. 201; *Bissell, etc., Works* v. *South Bend, etc., Co.* (1916), 64 Ind. App. 1; *National, etc., Co.* v. *Gellman* (1924), 83 Ind. App. ——, 144 N. E. 154. Such agreement must be given effect, although not executed by appellee, or made prior to the rendition of the services for which appellee was to be paid. *Ransdel* v. *Moore* (1899), 153 Ind. 393, 53 L. R. A. 753; *Ferris* v. *American Brewing Co.* (1900), 155 Ind. 539, 52 L. R. A. 305; *Miller* v. *Farr* (1912), 178 Ind. 36; *Doney* v. *Laughlin* (1911), 50 Ind. App. 38; *Waddle* v. *Smith* (1915), 58 Ind. App. 587.

But appellants contend, that if it sufficiently appears that the contract for the payment of a commission is in writing, there is no finding as to its contents.

3. They base this contention on an assertion that the setting forth at length of a written contract in a special finding of facts is not a finding of the ultimate fact to be proven thereby. We cannot concur in this contention. The finding recites, that appellant Andrews and said Dowd "entered into an agreement for the sale and purchase of the real estate, which agree-

ment is in the words and figures following, 'to-wit":
(Here follows a copy of such agreement.)    This must
be accepted as a finding that such an agreement was
made, and as stating the terms thereof.    *Chicago, etc.,
R. Co.* v. *Yawger* (1900), 24 Ind. App. 460; *Brunson*
v. *Henry* (1898), 152 Ind. 310; *Faurote* v. *State, ex
rel.* (1890), 123 Ind. 6.

It is contended that in order for appellee to recover
in this action, it must be found that appellant Andrews
is indebted to him, and the amount thereof, and
4.    that there is no finding of such ultimate fact.
This contention cannot be sustained, in view of
the finding quoted above as to the payment of a broker's
commission to appellee for the exchange of real estate,
recited in the agreement, and the further finding that
the same has never been paid.

It is also contended that the court erred in sustain-
ing appellee's motion to make an addition to his find-
ing of facts, and in making an addition thereto
5.    in the form of finding No. 11.    It suffices to say
in answer to this contention, that no question in
that regard is presented here, either through a direct
assignment of error, or as a cause for a new trial.

We now direct our attention to the sufficiency of the
special finding of facts to sustain the second conclu-
sion of law, that the deed from said Andrews to
6, 7.    his coappellant, for the real estate in question,
be set aside and held for naught.    Appellants'
challenge of this conclusion of law, in their propositions
or points, is not well stated, but is sufficient, under a
liberal construction, to call for a determination of the
question involved. · It is well settled that when a cred-
itor of a grantor attacks his conveyance on the ground
that it was fraudulent, he must aver and prove that
when the conveyance was made the debtor was in-
solvent, and did not have enough property subject to

execution to pay his then existing debts, and that he had no property subject to execution when the suit was brought. *Cannon* v. *Castleman* (1905), 164 Ind. 343; *Brumbaugh* v. *Richcreek* (1891), 127 Ind. 240, 22 Am. St. 649; *Petree* v. *Brotherton* (1892), 133 Ind. 692; *Slagle* v. *Hoover* (1894), 137 Ind. 314; *Taylor* v. *Johnson* (1888), 113 Ind. 164; *Cox* v. *Hunter, Admr.* (1881), 79 Ind. 590; *Larch* v. *Holz* (1913), 53 Ind. App. 56. An examination of the special finding fails to disclose that the courts found any of the essential facts enumerated above with reference to the grantor in the conveyance alleged to be fraudulent. This being true, the second conclusion of law was not warranted by the facts found. Appellee, in an effort to lead us to a different conclusion, has called our attention to the finding which states that appellant Andrews is a resident of the State of Illinois, and asserts that this is not an action *in personam*, but an action *in rem*. While it is true that a creditor is not obliged to "search the entire world" for property out of which to make his debt before he is permitted to attack a conveyance which he conceives to be fraudulent, he must, nevertheless, ascertain whether or not his debtor has sufficient other property within the state where he seeks to enforce his claim which may be subjected to its payment through ordinary processes, before he may attack an alleged fraudulent conveyance by his debtor of property therein. 12 R. C. L. 637; 27 C. J. 725; *Rohrer* v. *Snyder* (1902), 29 Wash. 199, 69 Pac. 748; *O'Brien* v. *Stambach* (1897), 101 Iowa 40, 69 N. W. 1133, 63 Am. St. 368; *Alford* v. *Baker* (1876), 53 Ind. 279; *Eiler* v. *Crull* (1887), 112 Ind. 318. Our conclusion in this regard is in harmony with the reason for the rule, stated by the Supreme Court of this State in the case of *Brumbaugh* v. *Richcreek, supra,* as follows:

"A creditor is not authorized to interfere with any

disposition which his debtor may make of his property so long as he is not injured thereby. The debtor may convey his property with the intention of defrauding his creditor, but if he still retains property subject to execution out of which the debt may be collected, the debtor cannot complain. So, also, if the debtor conveys all of his property with like fraudulent purpose, retaining nothing, but when the creditor seeks to collect the debt of him he has acquired and then has property subject to execution from which the claim can be made, the creditor has no ground for interfering with the fraudulent conveyance."

Appellants assert that the finding of facts with reference to the conveyance in question having been executed with a fraudulent purpose and intent is not sustained by the evidence, but, as to this, we need not determine, in view of the conclusion we have reached on the question last considered. Because of the error of the court in stating its second conclusion of law, the judgment is reversed, and, in the interest of justice, the trial court is directed to sustain appellants' motion for a new trial, and to take such further steps, consistent with this opinion, as may be necessary for a determination of the issues.