KENNEDY ET AL. *v.* LUBRO COMPANY, INC.

[No. 14,853.  Filed June 19, 1935.]

*McMahan & Smith, McMahan, Strom & Hulbert,* for appellants.

*Marcus Hershcovitz,* for appellee.

DUDINE, C. J.—This is an action instituted by appellee against appellants to set aside, as fraudulent, a conveyance of real estate from appellant John D. Kennedy to appellant Harry Theodor, and a conveyance of the

same real estate from appellant Harry Theodor to appellant Magenta Kennedy, the wife of appellant John D. Kennedy.

The cause was submitted to the court for trial on issues formed by an amended complaint in one paragraph and an answer in general denial. The complaint was attacked by demurrer, and the demurrer was overruled.

Upon request, duly made, the court made a special finding of facts, stated one conclusion of law which was favorable to appellee, and rendered judgment that said deeds be set aside. Appellants filed a motion to modify the judgment, which motion was overruled. Thereupon appellants filed a motion for new trial, which was overruled, and appellants perfected this appeal assigning as errors relied upon for reversal; (1) Error in overruling appellants' demurrer to the amended complaint; (2) error in overruling appellants' motion for new trial; (3) error in the conclusion of law; (4) error in overruling appellants' motion to modify the judgment.

The assignment of errors does not set forth the overruling of the demurrer to the amended complaint as a specification of error; and appellants' brief does not discuss the alleged error in overruling appellants' motion to modify the judgment; therefore, for the reasons indicated, we hold that no questions are presented for review by this court under said two alleged errors.

The only cause for new trial set forth in the motion therefor, and discussed in appellants' brief under "Propositions, Points and Authorities" is that the decision of the court is not sustained by sufficient evidence.

The facts, as found by the court, are, in effect, as follows:

On November 18, 1926, the Broadway Savings Trust

Company, a Missouri corporation, filed its complaint in the U. S. District Court for the Northern District of Indiana, Hammond Division, to recover judgment against appellant John D. Kennedy on a promissory note which was signed and executed by said John D. Kennedy to said Broadway Savings Trust Company.

On July 2, 1927, the said John D. Kennedy executed and delivered to appellant Harry Theodor a deed covering the real estate in question.

On July 26, 1927, Theodor executed a deed, covering said real estate, to appellant Magenta Kennedy, wife of appellant John D. Kennedy.

On March 30, 1929, said Broadway Savings Trust Company recovered judgment in said suit against appellant John D. Kennedy, in the sum of $13,517.18 in said U. S. District Court.

Appellee Lubro Company, Incorporated, is a Missouri corporation. On December 23, 1929, said Broadway Savings Trust Company executed and delivered to appellee Lubro Company, Incorporated, an assignment of said judgment, in the form of a written instrument executed and acknowledged by officers of said corporation, before a notary public. This suit was instituted February 21, 1930.

The court further found that said conveyances "were made with intent to hinder, delay and defraud the creditors of the defendant John D. Kennedy, as in the complaint alleged and particularly the Broadway Savings Trust Company, the assignor of the plaintiff herein," and "that at the time of the conveyances . . . the defendant, John D. Kennedy, did not have, and at the time of bringing this action he did not have sufficient other property subject to execution to pay the debt of this plaintiff owing by him."

In support of appellants' contention that the decision is not sustained by the evidence, appellants insist that

the evidence does not show that, on the date of said conveyances, and on the date this suit was filed, appellant John D. Kennedy did *not* have sufficient other property, subject to execution, to pay said judgment.

Such evidence is essential to sustain the decision in the instant case, because "a creditor is not authorized to interfere with any disposition which his debtor may make of his property so long as he (the creditor) is not injured thereby." *Brumbaugh* v. *Richcreek* (1891), 127 Ind. 240, 26 N. E. 664, 22 Am. St. Rep. 649; See also *Andrews* v. *Peters* (1924), 82 Ind. App. 200, 145 N. E. 579.

We have searched the record for such evidence with a view of affirming the judgment. We found evidence introduced by appellee as to the value of some of appellant John D. Kennedy's property on those dates, but the evidence indisputably shows that appellant John D. Kennedy owned other property on said dates, as to the value of which appellee introduced no evidence. Appellants introduced evidence as to the value of said other property. The evidence most favorable to appellee as to the value of *all* of John D. Kennedy's property on said dates, does not show that on said dates he did *not* have sufficient other property, subject to execution, to pay said judgment. Therefore the judgment should be reversed.

Other questions are presented, but it is not likely that they will arise in a new trial of this cause, and therefore we will not discuss them.

Judgment reversed with instructions to sustain appellants' motion for new trial.

Curtis, P. J., not participating.