## MASON v. ROGERS.

A deed, under certain circumstances given prior to the debt of the creditor will be deemed fraudulent.

ACTION of ejectment for a tract of land. Plea not guilty. Issue to the jury.

The plaintiff's title was the levy of an execution against Samuel Rogers, father of said Isaiah, made in November A. D. 1790, and was for a debt contracted in October A. D. 1789.

The defendant set up title under a deed from said Samuel Rogers, executed in May A. D. 1789, and recorded; the consideration was, three £50 notes payable in cattle, one in four years, one in six years, and one in eight years, all without interest. The father was much in debt, when he gave the deed to his son Isaiah; and after giving the deed remained in possession, used and improved the land as before, and let it to his son upon shares: There was nothing to make the plaintiff suspect that the father had conveyed it away at the time of contracting the debt, or even to induce him to look at the record. The circumstances of fraud were very strong against the deed, the whole transaction appeared to be a mere trust between the father and the son, to secure the estate for

the benefit of the father.   The jury found a verdict for the plaintiff, which was accepted by the court.

The question of law which came up in this case was — Whether, as the son's deed was several months prior to the plaintiff's debt, it was fraudulent as to him, whatever it might be as to other creditors who were such, at the date of the deed. It is evident that this piece of land was so conducted with by both father and son, as to make the plaintiff believe it was the father's, and was the principal ground upon which the plaintiff gave credit to the father: the deed being clearly fraudulent as to the creditors of the father; the land ought to be applied in discharge of the credit it had gained, by means of the false colors held out by both father and son.