Parker C. J.
The objection taken at the trial, that the defendant gave no evidence of a debt from the supposed fraudulent vendor of the goods attached, we think is well maintained by the authorities. The distinction, which seems not to have occurred to the judge at the trial, is, that where the execution or writ upon which goods are taken is against the plaintiff himself, the officer is justified by the precept itself, for that commands him to take the goods of the plaintiff, and is a sufficient authority. But where the goods taken are claimed by a person who was not a party to the suit, and he brings trespass, and his title is contested on the ground of fraud, under the St. 13 Eliz. c. 5, a judgment must be shown, if the officer justifies under an execution, or a debt, if under a writ of attachment, because it is only by snowing that he acted for a creditor, that he can question the title of the vendee. The authorities to this point are Lake v. Billers, 1 Ld. Raym. 733 ; Bull. N. P. 91, 234 ; Ackworth v. Kempe, Doug. 41 ; Savage v. Smith 2 W. Bl. 1104 ; Bac. Abr. Trespass, G, 1.[1] The case cited by the defendant’s counsel from 3 T. R. 183, is in conformity with *440 the above, for the action was brought by the party arrested, and it was held that a writ was a sufficient justification of the creditor who caused the arrest, without showing a cause of action any other way than by affidavit of a debt.
It is not necessary to decide the other point, as a new trial must be had, but we are inclined to think that the opinion of the judge was correct, both as to the sufficiency of the particular demand to avoid the sale on the ground of fraud,[1] and as to the right of a person, not a creditor at the time, but becoming so afterwards, to contest the sale on the ground of fraud.[2] These points do not seem to have oeen expressly decided in our Court, but the tenor of the Engfish authorities is clearly in favór of the position.[3] The words of St. 13 Eliz. are broad enough to include such a demand as existed against Zenas Damon, the vendor of the goods, so as to have given Adessa Thayer a right to contest the sale. If the purpose was to hinder or defraud creditors and others of their just and lawful actions, suits, debts, accounts, damages, penalties, forfeitures &c., it is void by the statute as against her.[4] And we are inclined to think that any subsequent creditors may avail themselves of the fact to avoid the sale. Such seems to be the law as laid down in Roberts on Fr. Conveyances, and in many cases decided in chancery in England. But we mean to leave this point open for further argument, in case the verdict shall be for the defendant upon that ground, on the new trial.
JV*eto trial granted.

 See also Harget v. Blackshear, 1 Taylor, 107 ; High v. Wilson, 2 Johns. R. 46 ; Jenner v. Joliffe, 6 Johns. R. 9 ; Barker v. Miller, id. 195 ; Blackley v. Sheldon, 7 Johns. R. 32 ; Holmes v. Nuncaster, 12 Johns. R. 395 ; Doe v. Smith, 2 Stark. R. 199 ; Weyand v. Tipton, 5 Serg. & Rawle, 332 ; Casanova v. Aregno, 3 Louisiana R. 211.

 See Fox v. Hills, 1 Connect. R. 295.

 Beach v. Catlin, 4 Day, 284 ; Merrill v. Meachum, 5 Day, 345 ; Mason v Rogers, 1 Root, 324.
A fraudulent conveyance may be avoided on the ground of actual fraud, by a subsequent creditor. Wadsworths. Havens, 3 Wendell, 411 ; Reade v. Livingston, 3 Johns. Ch. R. 481. See also Gilmore v. North American Land Co., 1 Peters’s C. C. R. 460 to 464 ; Thompson v. Dougherty, 12 Serg. & Rawle, 448 ; Jackson v. Tunno, 3 Desauss. 1 ; Ridgeway v. Underwood, Circuit Court of U. S., Wharton’s Penn. Dig. 210 ; Salmon v. Bennett, 1 Connect R. 525 ; Howe v. Ward, 4 Greenl. 195 ; 1 Story on Equity, 348.

 See Bull. N. P. 257 ; Lush v. Wilkinson, 5 Ves 384 ; Russel v. Hammond 1 Atk. 15 ; Middlecombe v. Marlow, 2 Atk. 220 ; Lord Townsend v. Windham. 2 Ves. sen. 1, 10 ; Hungerford v. Earle, 2 Vern. 261.

 Lowry v. Pinson, 2 Bailey 324 ; Jackson v. Myers, 18 Johns R. 425