Nov. Term, 1852.

ROGERS
v.
EVANS.

---

## ROGERS and Others *v.* EVANS.

A sale of land made by a vendor during the pendency of a suit against him, by collusion with the vendee, to prevent the collection of an anticipated judgment, will be set aside in equity, as against the vendee or his fraudulent assignee, upon the application of the judgment-creditor; and the fact that the vendee paid a full consideration for the land will make no difference.

To make the deed of a fraudulent grantor valid in the hands of the purchaser, as against the creditors of the grantor, it is not enough for him to show that he has paid an adequate consideration; but he must show, in addition, that he made the purchase in good faith, innocent of any knowledge of or participation in the fraudulent designs of the vendor.

Tuesday,
February 1,
1853.

ERROR to the *Decatur* Circuit Court.

ROACHE, J.—This was a bill in chancery, filed in the *Decatur* Circuit Court by *William Evans,* the complainant below, against *Thomas J. Rogers, John Rogers,* and *Robert McCleary.*

The material allegations in the bill are, that *Evans,* on the 10th of *May,* 1842, commenced an action of slander, in the *Decatur* Circuit Court, against *John Rogers,* and on the 12th of *November,* 1842, recovered a judgment for 850

dollars and costs; that during the pendency of that suit, and only a short time before the rendition of the judgment, to-wit, on the 13th of *October*, 1842, said *John* conveyed his land, situate in *Decatur* county, to his brother, *Thomas J. Rogers*, who lived in *Boone* county, for the purpose of defrauding the complainant and preventing him from subjecting said land to the payment of any judgment he might obtain in the slander suit; and that *Thomas J.* accepted the deed for the purpose of assisting his brother in perpetrating his contemplated fraud, with a full knowledge of the pendency of the slander suit.

The bill further alleges that the defendant, *McCleary*, purchased the land from the said *Thomas J.* during the pendency of this suit, with a full knowledge of all the foregoing facts, and of the fraudulent designs of both the other parties; that the said *John* had no other property of any description out of which said complainant's judgment could be made.

The prayer of the bill is, that the conveyances should be set aside as fraudulent and void as against the complainant, and that the land should be subjected to execution on his judgment.

The bill was taken as confessed as to *McCleary*.

The defendants, *John* and *Thomas J. Rogers*, filed answers under oath.

The answer of *John* admits the pendency of the slander suit, the judgment therein, his ownership of the land, and his conveyance to his brother *Thomas J.*, as stated in the bill, and that he has no other property; but denies the charges of fraud; avers that at the time of the sale to his brother he had no apprehension that *Evans* would recover any judgment against him; and insists that the sale was made by him in good faith; that the price for which he sold the land, 700 dollars, was its full value; that his brother gave him two notes for 350 dollars each, the one due in two, the other in five years from date, on the first of which he entered a credit, at the time, of 50 dollars, which he owed his brother.

The answer of *Thomas J. Rogers* denies all knowledge

Nov. Term,
1852.

Rogers
.v.
Evans.

of the pendency of the slander suit, at the time of his purchase of the land, and alleges that he gave full value, &c., in the manner and on the terms mentioned in the answer of *John Rogers*, and avers that he acted in good faith, without fraud, &c.

The cause came to a hearing on the bill, answers, default of *McCleary*, exhibits, and depositions, and a decree was rendered in the Court below, in accordance with the prayer of the bill, setting aside the conveyances, and subjecting the land to execution.

There is no question of law involved in this case, which has not been settled by repeated adjudications in this Court. The depositions are very full and explicit, and abundantly sustain all the material allegations of the bill. They clearly establish that *John Rogers* executed the conveyance to his brother for the purpose of placing the land beyond the reach of any judgment *Evans* should recover in the slander suit. It is equally clear that *Thomas J. Rogers* was well aware of the pendency of that suit at the time of his purchase, and participated with his brother *John* in his fraudulent purpose.

The counsel of the appellants insist that the fact that *Thomas J.* agreed to pay the full value of the land, rebuts the charge of fraud on his part. There is no satisfactory evidence of the payment of the consideration alleged to have been agreed on. But this is immaterial. Even if he had shown that he had actually paid a fair price for the land, in cash, it would not avail him. For his knowledge of the object of his brother in making the deed, and his participation in the fraudulent intent, renders his purchase voidable at the suit of a creditor. To make the deed of a fraudulent grantor valid in the hands of the purchaser, as against the creditors of the grantor, it is not enough for him to show that he has paid an adequate consideration; but he must show, in addition, that he made the purchase in good faith, innocent of any knowledge of, or participation in, the fraudulent designs of the vendor. *Wright* v. *Brandis*, 1 Carter's Ind. R. 336.—*Basye* v. *Daniel*, id. 378.—14 Johns. R. 493 (1).

*Per Curiam.*—The decree is affirmed with costs.

*J. S. Scobey*, for the plaintiffs.

*A. Davison*, for the defendant.

(1) DAVISON, J., having been concerned as counsel, was absent.