LOWRY and Another *v.* HOWARD and Another.

FRAUDULENT CONVEYANCE.—Where at the time of the conveyance of certain real estate, a writ of attachment against the property of the grantor was in the hands of the sheriff, of the issuing of which the grantee had no knowledge, which writ was never levied, the attachment proceeding being afterwards dismissed;

*Held,* that the conveyance was not rendered fraudulent by the attachment proceeding.

CONVEYANCE.—*Consideration.*—If there is in reality a valuable and sufficient consideration for a conveyance, it is immaterial whether the amount is specified in the deed or not.

SAME.—Where it is charged that a conveyance is fraudulent, the nature and amount of the consideration are important with reference to the good faith of the transaction.

SAME.—*Suit Pending.*—The fact that a suit is pending against a party does not prevent him from conveying his lands, if he does it in good faith.

SAME.—A person in embarrassed circumstances, but capable of contracting, may sell his property for the purpose of discharging his debts, for such consideration as he may agree to accept; and if there be nothing illegal in the transaction, it will stand as against his creditors.

APPEAL from the Madison Circuit Court.

DOWNEY, C. J.—This action was brought by the appellants against the appellees to set aside a deed for certain real estate made by Howard to his co-defendant, Joseph Sigler, and which it is alleged was made by the grantor, and received by the grantee, to cheat, hinder, delay, and defraud the appellants in the collection of a debt due them from Howard and others. The complaint alleges the recovery of a judgment by the plaintiffs against Howard, Andrew J. Sigler, and Francis Sigler, in the common pleas, on the 22d day of May, 1866, a levy on the property in question by virtue of an ex-

Lowry and Another *v.* Howard and Another.

ecution issued on that judgment, and an ineffectual offer to sell; that the land will not sell on account of a previous deed therefor having been made by Howard to Joseph Sigler, which it prays to have declared void and set aside.

There was an answer by general denial; trial by the court; finding for the defendants; motion for a new trial overruled; and judgment on the finding.

The only question in the case relates to the refusal of the court to grant a new trial, and this involves the sufficiency of the evidence to sustain the finding of the court.

Howard was a member of the firm of Howard, Sigler & Co. Joseph Sigler was not a member of that firm, but was their security for some two thousand five hundred dollars.

When the plaintiffs sued the firm of Howard, Sigler & Co., they took out an attachment, but never had it levied, and it was eventually dismissed. They had been negotiating with Howard for the purchase of the property in question in payment of their claims against the firm. During the pendency of these negotiations, the nature of which was unknown to Joseph Sigler, and while the attachment was out, April 17th, 1866, the land was conveyed by Howard to Joseph Sigler, on account of his liability as security for the said firm, he agreeing to pay the debt for which he was liable, and certain other debts of the firm, amounting in all to five thousand five hundred dollars, the value of the land.

Joseph Sigler knew that the firm of Howard, Sigler & Co. was embarrassed when he took the deed, and his purpose was to save himself from losing the amount for which he was security.

The attachment became a lien on the property from the time when it was delivered to the sheriff, which was on the 17th day of April, 1866. 2 G. & H. 142, sec. 165. Had the plaintiffs followed up the proceeding in attachment, by having the writ levied, and having an order, in connection with their judgment, for the sale of the attached property, they might then have reaped the fruits of their acquired lien; but instead of doing this, they abandoned their lien, by ordering the

sheriff not to levy the attachment, and by dismissing it. Under these circumstances, we do not see how the fact that an attachment was in the hands of the sheriff, can affect the defendant Sigler, unless it might show that he took the deed in bad faith. But this cannot be, because it does not appear that he knew, when he took his deed, that the attachment had been issued. He testifies that he knew that the plaintiffs were trying to secure their claim, but did not know how they were attempting to do so. When the deed was signed and acknowledged, the exact amount of the debts which the grantee was to pay was not known to the grantor, and that amount was inserted when the deed was delivered on the next day. As there was in reality a valuable and sufficient consideration, it was immaterial whether the amount of it was specified in the deed or not. *Heavilon* v. *Heavilon*, 29 Ind. 509. Between the parties, the deed was valid without any consideration. *Randall* v. *Ghent*, 19 Ind. 271. But in this case, the nature and amount of the consideration are important, with reference to the *bona fides* of the transaction.

The fact that a suit is pending against a party does not prevent him from conveying his land, if it be done in good faith. *McMahan* v. *Morrison*, 16 Ind. 172. But it is otherwise if it be in bad faith, although a full consideration be paid. *Rogers* v. *Evans*, 3 Ind. 574.

A person in embarrassed circumstances, but capable of contracting, may sell his property for the purpose of discharging his debts, for such consideration as he may agree to accept, and if there be nothing illegal in the transaction, it will stand as against his creditors. *Hubbs* v. *Bancroft*, 4 Ind. 388; *Frank* v. *Peters*, 9 Ind. 343.

We regard this as a case where one creditor has, by superior diligence, tact, or persistence, secured a preference over another. We find no evidence, as against Joseph Sigler, of any secret trust or of any fraud. The court having decided the case in favor of the validity of the deed, we cannot say that any error was committed. See *Stewart* v. *English*, 6 Ind. 176, a case much like this.

The judgment is affirmed, with costs.

*W. S. Ballenger*, for appellants.

*J. Davis*, *E. B. Goodykoontz*, and *J. A. Harrison*, for appellees.

