## SHEAN ET AL. *v.* SHAY ET AL.

PRACTICE.—*Special Finding.*—When what purports to be a special finding of the judge is not signed by him, and was not requested by either party, and is not included in a bill of exceptions, it can only be regarded as a general finding.

SLANDER.—*Conveyance to Defraud Creditors.*—Where slanderous words were spoken on the 1st day of August, and the persons liable to an action therefor, to avoid such liability for damages, fraudulently conveyed their real estate to their children without valuable consideration,· on the 17th day of November, following, the grantees having notice of such 'fraudulent intent, and such action was commenced on the 26th day of the same month, and a recovery was subsequently had;

*Held,* that these facts were sufficient to subject the property to the judgment obtained. It was unimportant whether the deed was delivered before or after the commencement of the action.

SAME.—*Creditor.*—One having a cause of action for slander is a creditor within the intent of the statute against fraudulent conveyances.

APPEAL from the Marion Circuit Court.

DOWNEY, J.—The appellants sued the appellees, seeking to enjoin the sale of certain real estate, of which they claim to be the owners. It is stated, in substance, in the complaint, that on the 17th day of November, 1869, the real

estate was conveyed, by Jeremiah Shean and Ellen Shean, to the appellants, by deed of that date, for the consideration of one dollar and natural love and affection, the grantees being children of the grantors, and that the deed was duly recorded on the 5th day of Februrary, 1870. It is further stated, that said Jane Shay, on the 26th day of November, 1869, sued said Ellen Shean and Jeremiah Shean, for slanderous words spoken by said Ellen of her, in the said circuit court, and on the 2d day of November, 1870, recovered judgment against said Shean and wife for four hundred and fifty dollars and costs; that on the 7th day of October, 1871, an execution was duly issued on said judgment to the sheriff, Ruckle, who is one of the appellees, who has levied the same on said property, and advertised the same for sale to pay and satisfy said judgment, etc. It is further alleged that the said Jeremiah Shean and Ellen Shean are not the owners of said real estate, but that the same is owned by the appellants. Prayer for an injunction, etc.

In the second paragraph of the answer, the defendants say that on the 1st day of August, 1869, the said slanderous words were spoken by the said Ellen Shean of the said Jane Shay, and that said Shean and wife, believing that said Jane Shay was about to institute an action therefor, and to prevent the collection by her of her damages therefor, fraudulently, and without any valuable consideration therefor, and with intent to cheat, delay, and defraud the said Jane Shay in the collection of said damages, executed the said deed to appellants, of all of which the appellants had full notice.

There was a demurrer by the appellants to this paragraph of the answer, for the reason that it did not state facts sufficient to constitute a defence to the action, which was overruled, and to which ruling the appellants excepted.

The appellants then replied in denial of the second paragraph of the answer. There was a trial by the court and what purports to be a special finding by the court with conclusions of law, but which we can treat only as a general finding, for the reasons that it does not appear to have been

made at the request of the parties or any of them, and it is not signed by the judge, or contained in any bill of exceptions. A motion for a new trial was made by the plaintiffs, which was overruled by the court, and final judgment rendered for the defendants.

Two errors are assigned: 1. The overruling of the demurrer to the second paragraph of the answer; and, 2. The refusal to grant a new trial.

We regard the facts alleged in the second paragraph of the answer, taken in connection with the allegations of the complaint, as sufficient to show that the conveyance in question was fraudulent. The slanderous words are alleged to have been spoken on the 1st day of August, 1869, and hence at that date a cause of action accrued to the appellee Jane Shay, against the said Shean and wife. The answer alleges that afterward, on the 17th day of November, 1869, as shown by the complaint, the deed was fraudulently made and received, to cheat and defraud the said Jane Shay out of the damages to which she was entitled. That no suit was pending to recover the damages when the deed was made, does not make the answer bad. As is said in *Ray* v. *Roe, ex dem. Brown*, 2 Blackf. 258, "the pendency of a suit is one of the many badges of fraud, which would induce a court of equity to set aside such conveyance, or a jury to regard it as a nullity, in a trial at law." But it is only one of the badges. The deed may be shown to be fraudulent and void as to creditors, when no suit was pending to recover the debt or damages when it was made. It may be true that in many cases the fraudulent deed is found to have been made after the commencement of the action. Such was the case in *Rogers* v. *Evans*, 3 Ind. 574, *Wright* v. *Brandis*, 1 Ind. 336, and *Pennington* v. *Clifton*, 10 Ind. 172. But the pendency of the action creates no lien, and a deed made for a valuable consideration and in good faith may be valid, notwithstanding the pendency, at the time, of an action against the grantor. *Lowry* v. *Howard*, 35 Ind. 170. The cases which we have already cited show that one having a cause

of action for slander is a creditor within the meaning of the statute against fraudulent conveyances.

The other alleged error relates to the refusal to grant a new trial. In our judgment, the evidence fully sustains the finding of the court, and not only justified, but required the court to overrule the motion for a new trial. According to the view which we take of the case, the question whether the deed was delivered on the 17th day of November, 1869, before the suit was commenced, as claimed by counsel for the appellant, or on the 5th day of February, 1870, after the commencement of the action, as contended for by counsel for the appellee, need not be decided by us, as in either event we think the evidence was clearly sufficient to show the fraudulent character of the deed.

The judgment is affirmed, with costs.

*I. Klingensmith, C. Coulon,* and *J. S. Harvey,* for appellants.

*F. M. Finch* and *J. A. Finch,* for appellees.