Filed April 19, 1887.

---

No. 12,564.

## HUNSINGER ET AL. *v.* HOFER.

FRAUDULENT CONVEYANCE.—*Creditor.*—*Cause of Action for Seduction.*—One who has a cause of action for the seduction of his wife is, in legal contemplation, a creditor of the wrong-doer.

SAME. — *Evidence.* — *Declarations of Grantee.* — *Knowledge of Claim Against Grantor.*—In a suit to set aside a conveyance as fraudulent and to subject the land to sale under a judgment obtained by the plaintiff against

the grantor for the seduction of his wife, it is competent to prove declarations of the grantee, prior to the conveyance, tending to show knowledge on his part of the claim against his grantor.

SAME.—*Transcript of Judgment.—Defective Certificate.—Objections.—Practice.* —In such case, a transcript of the judgment is admissible to establish the claim of the plaintiff against the grantor, and objections to the form of the clerk's certificate thereto can not be made for the first time on appeal.

SAME.—*Scope of Inquiry.*—In a suit to set aside a fraudulent conveyance, the plaintiff is not confined to evidence of the one transaction, but has a right to give evidence of the general course of business between the grantor and grantee, as well as of distinct transactions.

SAME.—*Conspiracy.—Declarations.*—Statements of the persons by whom a fraudulent conveyance is executed, are admissible against themselves, and also against the grantee whenever it appears, either by direct or circumstantial evidence, that the grantor and grantee were acting in concert.

SAME.—*Questions for Trial Court.—Supreme Court.—Practice.*—Whether a conspiracy exists, and, if so, its scope and purpose, are questions for the trial court; and where there is any evidence at all supporting the decision of that court on such questions, it will be sustained on appeal.

SAME.—*Notice of Fraudulent Purpose.—Subsequent Payment of Purchase-Money. —Bona Fide Purchaser.*—A grantee, who pays the purchase-money after notice of the fraudulent purpose of his grantor, is not entitled to protection as a *bona fide* purchaser.

DEPOSITION.—*Sick Witness.—Presumptions.*—Where it is stated in the deposition of a witness that he is ill and unable to appear in court, the deposition is admissible, as the presumption is that the illness continued; furthermore, if, on appeal, the record shows that a physician's certificate, which is not set out, was also read to the court, it will be presumed that it sustained the ruling admitting the deposition.

EXAMINATION OF WITNESS.—*Leading Questions.—Discretion.—Reversal of Judgment.*—It is only where there is a very clear and prejudicial abuse of discretion in permitting leading questions to be asked, that a judgment will be reversed on that ground.

SAME.—*Cross-Examination.*—Questions on cross-examination must be limited to the subject covered or entered upon in the examination in chief.

From the Fayette Circuit Court.

*B. F. Claypool, J. H. Claypool* and *S. S. Harrell,* for appellants.

*R. Conner, H. L. Frost, D. W. McKee, E. O'Hair* and *J. F. McKee,* for appellee.

ELLIOTT, C. J.—The appellee brought this suit to set aside a conveyance executed by John A. Hunsinger to Peter Hunsinger, alleging in his complaint that it was executed to defraud the creditors of the grantor.

The claim of the appellee to subject the land to sale on execution was based on a judgment obtained against John A. Hunsinger for the seduction of the appellee's wife, and on the trial the court permitted the appellee to prove a conversation with Peter Hunsinger, in which he spoke of the intimacy between John A. Hunsinger and the appellee's wife, and of the probability that it would cause great loss to John A. Hunsinger.

There was no error in admitting this evidence. It tended to show that the grantee had knowledge that there was an existing claim against his grantor, and it was, at least, some evidence tending to impeach his good faith. It tended to prove that the appellee had a claim against the grantor prior to the execution of the conveyance, and that the holder of the claim was a creditor, for one who has a cause of action for the seduction of his wife is, in legal contemplation, a creditor of the wrong-doer. One having a legal right to damages capable of enforcement is a creditor. *Bishop* v. *Redmond*, 83 Ind. 157; *Shean* v. *Shay*, 42 Ind. 375 (13 Am. R. 366); *Rogers* v. *Evans*, 3 Ind. 574; *Wright* v. *Brandis*, 1 Ind. 336; *Smith* v. *Culbertson*, 9 Rich. 106; *Damon* v. *Bryant*, 19 Mass. 411.

It is always competent to prove the grantee's knowledge of the grantor's indebtedness, in suits to set aside fraudulent conveyances.

There was no error in admitting in evidence the transcript of the judgment recovered against John A. Hunsinger. The judgment was competent for the purpose of establishing the claim of the appellee, but, of course, did not bind the appellant Peter Hunsinger further than it established the fact that the appellee was a creditor of his grantor.

No objections were made to the form of the clerk's certifi-

cate of the transcript on the trial, and it is too late to make them now.

Several of the questions discussed by counsel are effectually disposed of by the general statement, that, in a suit to set aside a fraudulent conveyance, the plaintiff is not confined to evidence of the one transaction, but has a right to give evidence of the general course of business between the grantor and the grantee, as well as of distinct transactions.

The statements of the grantors, by whom a fraudulent conveyance is executed, are admissible against themselves, and can not be excluded from the jury on the objection of the grantee, although they may not bind him. In this instance, the statements of the grantors were competent at least as against themselves, and were rightly admitted. The declarations of the grantors will, however, be admissible against the grantee wherever it appears, either by direct or circumstantial evidence, that they and the grantee were acting in concert. *Bishop* v. *Redmond, supra; Daniels* v. *McGinnis,* 97 Ind. 549; *Riehl* v. *Evansville, etc., Ass'n,* 104 Ind. 70.

The question as to whether a conspiracy existed, is one peculiarly for the trial court, and where there is any evidence at all supporting the decision of that court upon the question, it will be respected by this court. *Huckstep* v. *O'Hair,* 8 Ind. 253; *Smith* v. *Freeman,* 71 Ind. 85; *Card* v. *State,* 109 Ind. 415.

In this instance, there was evidence tending to show that all of the defendants to the suit had combined to prevent the appellee from collecting his judgment, and that to effect this purpose conveyances were executed and attempts made to prevent him from obtaining the testimony of material witnesses.

The trial court did not err in admitting the deposition of John F. McKee. The witness stated in his deposition that he was ill and unable to appear in court, and the presumption is that the illness continued. Aside from this the record shows that the certificate of a physician was read to the court,

and although it is not in the record, we must presume that it sustains the ruling of the court, for the presumption, in the absence of countervailing facts, is always in favor of the rulings of the trial court.

It is only where there is a very clear and prejudicial abuse of discretion in permitting leading questions to be asked, that a judgment will be reversed, and certainly no such abuse appears here.    There are, indeed, many cases holding that a judgment will not in any event be reversed on the ground that leading questions were permitted.

It is the settled rule in this court, that questions on cross-examination must be limited to the subject covered or entered upon in the examination in chief.    This rule disposes of the points made upon the refusal of the trial court to permit the appellant to propound several questions to the appellee.

A person who pays the purchase-money after notice of the fraudulent purpose of his grantor is not entitled to protection as a *bona fide* purchaser.    In order to entitle a purchaser to protection, it must appear that he bought the land and paid for it before notice of the fraud.    *Rhodes* v. *Green,* 36 Ind. 7 ; *Anderson* v. *Hubble,* 93 Ind. 570.

In this case there is evidence fairly tending to show that the grantee had notice of the grantor's fraudulent purpose before payment of the purchase-money, and tending, also, to show that the grantee, at the time he accepted the conveyance, assented to that fraudulent purpose.

Judgment affirmed.

Filed April 19, 1887.