Filed May 27, 1890.

———— ◆ ————

No. 14,246.

## MILLER v. COOK.

SLANDER.—*Express Malice.*—*Declarations of Defendant Tending to Show.*—*Admissibility.*—In an action for slander the testimony of a witness tending to show that the defendant knew that the charges he made against the plaintiff were unfounded, is competent for the purpose of proving express malice.

SAME.—*Fraudulent Conveyances by Defendant.*—*Evidence of.*—At the time of the publishing of slanderous words the plaintiff occupies the position

Miller *v.* Cook.

of a creditor and may prove that certain fraudulent conveyances were made by the defendant.

SAME.—*Defendant's Financial Condition.*—Proof that the defendant, after being threatened with an action for slander, made voluntary conveyances of his property, was competent for the purpose of showing the financial condition of the defendant.

SAME.—*Impeachment of Witness.*—The rule permitting a party to contradict his own witness applies only where the testimony is a surprise to the party calling him, and is prejudicial; and, hence, a witness called by the defendant having denied, in answer to a question, that he had sexual intercourse with the plaintiff, it was not competent to prove by other witnesses other declarations of the witness to the contrary.

SAME.—*Evidence.*—A witness for defendant testified that he had a conversation with the defendant in March, which the defendant denied, offering to prove that the conversation took place in November, and to state what was said.

*Held*, no impeaching question having been asked the witness, that the testimony of defendant as to the conversation in November was incompetent.

SAME.—*Specific Acts of Impropriety.*—Specific acts of impropriety committed by the plaintiff long after slanderous words are spoken, are not competent evidence.

From the Pike Circuit Court.

*E. A. Ely* and *J. W. Wilson,* for appellant.

*F. B. Posey, A. H. Taylor* and *E. P. Richardson,* for appellee.

ELLIOTT, J.—The appellee recovered judgment against the appellant for damages, upon a complaint charging that the latter had uttered and published slanderous words of her, imputing to her conduct such as a chaste woman would not be guilty of, and thus assailing her character for chastity. The questions argued arise on the ruling denying a new trial.

The testimony of the witness Stillwell was competent for the purpose of proving express malice, for it tended to show that the defendant knew that the charges he made against the plaintiff were without foundation. If a defendant makes declarations tending to show that he had such knowledge of the plaintiff's conduct and character as apprised him that charges against her were unfounded he has no reason to com-

plain if his declarations are used as evidence against him. There is no force in the objection that the evidence was not competent at the time it was offered, for, if it be conceded that it was not then competent, still there was no error in this instance, for evidence was subsequently introduced which made it competent.

The deeds executed by the appellant were voluntary, and the evidence tends strongly to show that they were made to defraud the appellee in the event that she should obtain a judgment. At the time the slanderous words were published the appellee occupied the position of a creditor and had a right to prove that fraudulent conveyances were made by the appellant. *Bishop* v. *Redmond*, 83 Ind. 157; *Shean* v. *Shay*, 42 Ind. 375; *Rogers* v. *Evans*, 3 Ind. 574; *Wright* v. *Brandis*, 1 Ind. 336; *Smith* v. *Culbertson*, 9 Rich. 106; *Damon* v. *Bryant*, 19 Mass. 411. But aside from this consideration, the evidence was competent for the purpose of showing the financial condition of the appellant. That such evidence is competent is well settled. *Wilson* v. *Shepler*, 86 Ind. 275; *Justice* v. *Kirlin*, 17 Ind. 588. Some of the authorities assert that the voluntary conveyance of property after action is threatened or brought is competent as an implied admission, but we do not care to decide anything upon that question, for the evidence was competent upon other grounds, and the ground upon which we hold the evidence competent is, that it tended to show the defendant's financial condition.

James Stevens, one of the witnesses for the appellee, testified as to a conversation which he had with the appellant in March, 1887, and the latter testified that he had no conversation with Stevens in March, and offered to testify that he did have a conversation with him in November, and offered to state what that conversation was. Had Stevens been asked the proper impeaching question it is probably true that the appellant would have had a right to testify as to what was said in November, but no such impeaching

question was asked; so that the question is whether the offered testimony was competent as original evidence. It is clear that it was not competent for the defendant to get before the jury his own statements as original evidence. He might have contradicted Stevens as to the conversation testified to by him, but he could not make original evidence his own declarations made in a distinct and different conversation.

The appellant asked a witness called by him whether he, the witness, ever had sexual intercourse with the appellee, and he answered that he had not. He subsequently offered to prove by other witnesses declarations of the witness to the effect that he did have carnal intercourse with the appellee, but the court excluded the offered testimony. In this there was no error. It was rightly ruled that the appellant could not get the declarations of the witness before the jury in the manner he attempted to do, for the witness sought to be impeached had not testified to anything prejudicial to the appellant; he had, indeed, given no positive testimony at all. The rule permitting a party to contradict his own witness is statutory and applies only where the testimony given is a surprise to the party calling him and is prejudicial. *Hull* v. *State, ex rel.*, 93 Ind. 128; *Conway* v. *State*, 118 Ind. 482; *Champ* v. *Commonwealth*, 2 Met. (Ky.) 17. The statutory rule is not one to be extended to such a case as this.

We very much doubt whether any of the specific acts of impropriety and indecent conduct which the appellant offered to prove would have been competent matters of evidence, even had they been committed before the slanderous words were published, but as they were committed long after the slanderous words were spoken there is no doubt in our minds that they were not competent. *Shewalter* v. *Bergman*, 123 Ind. 155; *Beggarly* v. *Craft*, 31 Ga. 309 (76 Am. Dec. 687); *Thompson* v. *Nye*, 16 Q. B. 175; *Bathrick* v. *Detroit, etc., Co.*, 50 Mich. 629.

The verdict is well supported by the evidence, and settled rules of law forbid us from interfering with the assessment of damages made by the jury.

Judgment affirmed.

