Petree *et al. v.* Brotherton.

No. 15,712.

PETREE ET AL. *v.* BROTHERTON.

APPEAL.—*Overruling Motion to Strike Out.*—*Not Cause for Reversal.*—The Supreme Court will not reverse a judgment on account of the failure of the trial court to sustain a motion to strike out parts of the complaint.

FRAUDULENT CONVEYANCE.—*Action to Set Aside.*—*Right to Maintain.*—*Necessary Averment.*—*A Claim for Tort Constitutes One a Creditor.*—A voluntary conveyance in fraud of creditors may be set aside at the suit of subsequent creditors when it has been executed to defraud subsequent as well as existing creditors; in such a case it is necessary to aver and prove that the conveyance was made for the purpose of defrauding subsequent creditors; and where one has a cause of action against another for damages for a tort, the former is a creditor, and entitled to maintain an action to set aside a conveyance made by the latter in fraud of creditors.

SAME.—*Action to Set Aside.*—*Complaint.*—*Sufficiency.*—*Necessary Allegation.* —In an action to set aside a fraudulent conveyance the complaint is insufficient if it does not aver that the grantor did not have, at the time of the conveyance, property sufficient to pay his indebtedness; and the statement that such grantor did not have property subject to execution at the time the action was commenced, or at the time an execution was issued and returned, is not sufficient to take the place of the above-mentioned essential averment.

From the Bartholomew Circuit Court.

*W. F. Norton,* for appellants.

*F. T. Hord* and *M. D. Emig,* for appellee.

MILLER, J.—This was an action by the appellee against the appellants, to set aside two several mortgages executed by James A. Petree to Pryor M. Petree, upon the ground that they were made to cheat, hinder and delay creditors.

The cause was tried by the court, who found and adjudged that they were executed in fraud of the creditors of James A. Petree.

The complaint was voluminous, and was in four para-

graphs. A demurrer was sustained to the fourth paragraph and overruled as to the other three.

The first paragraph shows, that on the 8th day of July, 1888, the defendant James A. Petree committed a violent assault and battery upon the plaintiff, and thereafter, on the 31st day of July, 1888, the plaintiff instituted a civil action therefor in the Bartholomew Circuit Court, and on the 1st day of January, 1889, recovered a judgment against him for $750 damages, and $275.90 costs.

That at the time of the commission of the assault, continuously since, and at this time, said James A. Petree was the owner of a tract of land, which is described, of the value of $5,000, upon which the plaintiff's judgment became and remains a lien.

That on the —— day of ——, 188–, one —— Pottorff instituted a civil action for damages for a violent assault and battery against said James A. Petree, in the Bartholomew Circuit Court, which cause was, on application of the defendant, changed to the Brown Circuit Court; that afterwards, Pottorff recovered a judgment against said Petree for the sum of $1,000; that the defendant made a motion for a new trial, which was sustained, and the cause stood for a second trial, and was pending at the time of the execution of the mortgage in this paragraph described; that said James A. Petree was also largely indebted to other persons whose names are given, and was in embarrassed circumstances; that on the 26th day of October, 1887, said James A. Petree, and his co-defendants, Sarah F. Petree, who was and still is his wife, and Pryor M. Petree, who was his father, in contemplation of the future bankruptcy of said James, confederated and conspired together to cheat, hinder, delay, and defraud them and future creditors of said James, and to prevent the collection of any judgment, if recovered in favor of Pottorff; that on said day, in pursuance of said design, said James A. Petree and wife, without any valuable, sufficient or ad-

equate consideration, made and executed to said Pryor M. Petree, a mortgage on all his real estate, to secure the payment of a promissory note purporting on its face, to be for the sum of $5,000, a copy of which is filed with and made a part of the paragraph of complaint.

It is averred that said James A. Petree and Sarah F. Petree were not indebted to said Pryor M., but that the note was executed and accepted with intent to cheat, hinder, delay, and defraud the creditors of said James A. Petree, then existing, and to cheat, hinder, delay, and defraud all subsequent creditors of said James A. Petree.

It is also averred, that the plaintiff caused an execution to issue on his judgment, to the sheriff, and the same was returned, "no property found to satisfy the same, or any part thereof;" that said James A. Petree has no property subject to execution except the said real estate, and that the fraudulent mortgage is equal to its full value.

The second paragraph seeks to avoid a chattel mortgage executed by James A. Petree to Pryor M. Petree, on the 31st day of December, 1888, on all his personal property.

The rendition of the judgment against James A. Petree in favor of the plaintiff upon the same cause of action, and the existence of the other claims against him, except the Pottorff cause of action, are stated as in the first paragraph.

It avers that after the plaintiff had recovered a verdict, but before judgment and execution, the chattel mortgage was executed to cheat, hinder, delay, and defraud the plaintiff in the collection of his indebtedness, and was accepted by said Pryor M., with intent to hold the property for the use and benefit of said James A. Petree, and to cheat, hinder, delay, and defraud the plaintiff.

The third paragraph assails both the mortgages on the real and personal property, averring that they were signed and acknowledged by James A. Petree, and left with the county recorder for record, but were never delivered to

the mortgagee. It is averred that all this was done in fraud of the creditors of said James A. Petree.

The action of the court in overruling motions to strike out portions of each paragraph of complaint has been assigned as error. It is well settled that a judgment will not be reversed on account of the failure of a court to sustain a motion to strike out parts of a complaint. Elliott's App. Proceed., section 639.

The ruling of the court in overruling the demurrers to each paragraph of complaint, except the fourth, is also assigned as error.

We are of the opinion that the first paragraph of complaint was not subject to a demurrer, because it showed that the plaintiff was a creditor whose cause of action accrued subsequently to the execution of the mortgage which is claimed to have been fraudulent.

A voluntary conveyance in fraud of creditors may be set aside at the suit of subsequent creditors, when it has been executed to defraud subsequent as well as existing creditors. *Barrow* v. *Barrow*, 108 Ind. 345. In such case it is necessary to aver and prove that the conveyance was made for the purpose of defrauding subsequent creditors. *Plunkett* v. *Plunkett*, 114 Ind. 484; *Stumph* v. *Bruner*, 89 Ind. 556; Wait on Fraudulent Conveyances, section 96; Bump on Fraudulent Conveyances 315.

In the paragraph under consideration, the averment that the conveyance was made to defraud subsequent creditors is expressly made. This was sufficient to repel a demurrer predicated upon this ground.

The appellee having a cause of action against James A. Petree, for damages for a tort, was a creditor as of the time when his cause of action accrued, and could maintain an action to set aside fraudulent conveyances. *Shean* v. *Shay*, 42 Ind. 375; *Bishop* v. *Redmond*, 83 Ind. 157; *Miller* v. *Cook*, 124 Ind. 101.

The chattel mortgage mentioned in the second para-

graph of complaint was executed after a verdict was rendered in favor of the appellee, against the mortgagor, upon the cause of action that had accrued some time prior to that time. The appellee was at the time this conveyance was made an existing creditor.

The first and second paragraphs of complaint are, however, subject to the objection that they each fail to show that at the time of the execution of the conveyances claimed to have been executed in fraud of creditors, the mortgagor James A. Petree, did not have property sufficient to pay his indebtedness. *Taylor* v. *Johnson*, 113 Ind. 164; *Shew* v. *Hews*, 126 Ind. 474; *Brumbaugh* v. *Richcreek*, 127 Ind. 240; *Hartlepp* v. *Whiteley*, 129 Ind. 576.

The statement that he did not have property subject to execution at the time the action was commenced, or at the time an execution was issued and returned is not a sufficient compliance with the well established rule of pleading in such actions.

For this error, the judgment is reversed with costs.

Filed October 27, 1892; petition for a rehearing overruled March 9, 1893.